(108 App. Div. 19.)

SHAUL et al. v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. October 20, 1905.)

1. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—DISCHARGE.

Where plaintiff's testator, holding a state school teacher's certificate, was employed for an indefinite term by a school board to teach a particular public school in 1894, which he taught until he was prevented from doing so by the city superintendent of New York schools without any action on the part of the city board of education or any one having authority to discharge him, he was entitled to recover against such board for breach of contract.

2. SAME—INTEREST.

Testator's claim being at all times in contemplation of law a liquidated claim, he was entitled to recover interest on payments unlawfully withheld.

Appeal from Special Term.

Action by Hedwig Shaul and another, as executors of the last will of Oscar E. Shaul, deceased, against the board of education of the city of New York. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

James D. Bell (William Hughes, on the brief), for appellant.
Ira Leo Bamberger, for respondents.

WOODWARD, J. Oscar E. Shaul, deceased, brought this action to recover $14,625, with interest from September 1, 1895, for the balance of salary claimed to be due as principal of Public School No. 100 in the former city of Brooklyn since September, 1895, at the rate of $3,000 per annum, excepting $2,626 earned during that period. Mr. Shaul, who died subsequent to the trial, testified that he entered upon his duties as principal of Public School No. 100 in September, 1894, and that the school was located in the former town of Gravesend; that he was appointed by the school board of the town before it came into the city as a teacher in Public School No. 6, but that he did not teach or draw any salary until the territory was consolidated with Brooklyn in September, 1894; that he had the appointment under a written contract with the trustees of Gravesend to begin in September, 1894, and it is conceded that he had a certificate from the State Superintendent of Public Instruction, which, by the statute, is "conclusive evidence that the person to whom it was granted is qualified by moral character, learning and ability to teach any common school in the state." Steinson v. Board of Education, 49 App. Div. 143, 146, 63 N. Y. Supp. 128, and authority there cited. Mr. Shaul was told by one of the members of the local com-

mittee of the Brooklyn school board that he was reappointed in 1895, and he continued to act as principal up to June 30, 1897. Prior to this time the plaintiff had an interview with Mr. Maxwell, the then city superintendent of schools, and was told by the latter that he would not be permitted to teach beyond the term of his employment, which expired June 30, 1897, and subsequently the city superintendent refused to permit the plaintiff to teach in the school after the expiration of what the superintendent called his "provisional license"; the janitor excluding plaintiff from the building, and another person being employed as principal, the plaintiff performing no services after May 24, 1897.

Upon the trial of the action the learned court made findings of fact and conclusions of law, holding the defendant liable for the amount claimed, with interest, and from the judgment entered upon this decision the defendant appeals to this court, and attempts to distinguish the case from that of Steinson v. Board of Education, 49 App. Div. 143, 63 N. Y. Supp. 128, affirmed 165 N. Y. 431, 59 N. E. 300, upon the authority of which the case was determined by the court below. We are unable to discover wherein the cases differ in principle. The plaintiff appears to have been employed originally upon the strength of his state certificate, and to have been continued in employment until 1897, when, without any action on the part of the board of education, or any one having authority to discharge him, he was prevented from performing the duties of a teacher, because it is alleged that the city superintendent of schools had informed him that he could not be employed after the expiration of his provisional license. It does not appear that the plaintiff ever accepted a provisional license. His employment at all times was by virtue of his state certificate, and, as said by the learned court below, his employment was "for an indefinite time, like the city teachers generally, and from this it follows that he has never been legally removed or discharged, and from this it follows under the Steinson Case that he is entitled to recover." The very elaborate discussion which took place in the Steinson Case, supra, makes it unnecessary to go into the details of this case, or to examine critically all of the various statutory provisions having a greater or less bearing upon the question here involved.

We see no reason why the plaintiff is not entitled to interest upon the amount of his claim. It was at all times, in contemplation of law, a liquidated claim, and it is a general rule that liquidated amounts are entitled to draw interest where payments are improperly withheld.

The judgment appealed from should be affirmed, with costs. All concur.