(120 App. Div. 545)

## HOEFLING v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.　June 7, 1907.)

SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—STATUTORY PROVISIONS—COMPENSATION.

　　The by-laws of the board of education of New York City provide that women principals shall receive $1,600 per year.　New York City Charter, Laws 1901, p. 472, c. 466, § 1090, provides that principals, branch principals, assistants, etc., shall be appointed by the board of education on the nomination of the board of superintendents.　*Held*, that where a teacher acted as principal, but was not appointed to the position in compliance with the statute, she was not entitled to the salary of a principal.

Appeal from Special Term, Kings County.

Action by Caroline E. Hoefling against the board of education of the city of New York.　From a judgment for plaintiff, defendant appeals.　Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Theodore Connoly.(Stephen O'Brien, on the brief), for appellant.
Ira Leo Bamberger, for respondent.

MILLER, J.　This is the case of a teacher receiving salary for a given position, and suing to recover the difference between such salary and that provided for a higher grade or position.　The school in which she was employed had less than twelve and more than five classes. The defendant's by-laws provided that women principals, heads of departments, and assistants to principals of such schools after three years service should receive $1,600.　A like salary was provided by statute for a female head of department, or assistant to principal after 10 years of service.　The judgment awards her that salary, but it is not clear in what capacity she claims it.

In her complaint she alleges that she was an assistant to principal, an acting principal, and performed the duties of a principal.　By amendment on the trial she was permitted to allege that she was a principal, and the findings and judgment purport to decide that she was.　The facts are not at all complicated.　The plaintiff was the senior teacher in a school of nine classes.　The principal of the school was transferred, and the superintendent requested the plaintiff to take charge of the school, which she did.　It is undisputed that she performed the duties of principal with marked efficiency during the entire period in question; and that is the only basis for her claim to the salary attaching to the position of principal, or head of department, or assistant to principal, provided by statute or by the defendant's by-laws.　The expressions "head of department" and "assistant to principal" are used interchangeably in the statute and in the defendant's by-laws.　On the face of it the plaintiff was not an assistant to principal, because there was no principal.　Moreover, the defendant's by-laws provide that the assistant to principal shall be selected and assigned to duty by the principal, subject to the approval of the superintendent, and it is provided by statute (section 1090, formerly section 1103, of the charter [Laws 1901, p. 472, c. 466]), that "principals, branch principals, heads

of departments, teachers, assistants and all other members of the teaching staff, shall be appointed by the board of education on the nomination of the board of superintendents," and that such nomination shall be made "from the list of properly certified principals and teachers and other persons eligible for service in the positions to be filled, in the regular order of the standing of the candidates on said lists," etc. Section 1089, formerly 1081, of the charter, carefully regulates the preparation of the eligible lists. It is not pretended that the plaintiff was appointed to the position of principal, head of department, or assistant to principal in compliance with this statute. In fact, it is not claimed that she was ever appointed to either of those positions, but that, as acting principal, she did the work of all. The Legislature has seen fit to prescribe minimum salaries for all grades of teachers employed in the public schools of the city of New York, and to protect such teachers from removal or reassignment except after a trial upon charges preferred for "gross misconduct, insubordination, neglect of duty, or general inefficiency." In effect, the statute makes the salary an incident to the position or grade. The plaintiff occupied the position or grade of a graduating class teacher. The statute assures her the salary attaching to that grade, and the city contracts to pay that sum. The mere fact that she performed the duties of a higher grade or position until it was finally filled by appointment or assignment did not ipso facto entitle her to the higher grade or the salary attached to it. The provisions of the statute respecting salary and tenure of position must be construed in connection with the provisions respecting appointment and assignment. The salary and tenure are assured only to those who obtain their positions in the prescribed manner, and the Legislature has not yet gone so far in its interference with the conduct and supervision of the public schools of the city of New York as to provide that those charged with the duty of supervision and control cannot temporarily assign a teacher to perform the duties of a higher grade than the one occupied by her without giving her the right permanently to claim the salary attaching to such higher grade.

The judgment should be reversed, and new trial granted, costs to abide the event. All concur.