MOORE v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. November 22, 1907.)

1. SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—COMPENSATION—STATUTES.

Greater New York Charter, Laws 1897, p. 392, c. 378, § 1086, provided that all yearly contracts of school teachers should be continued until the expiration of the yearly term named therein. Section 1091 (page 394) continued the salaries as fixed and paid at the date of the consolidation of the different boroughs under the charter until new schedules should be adopted by the borough boards. Section 1117 (page 404) provided that all public school teachers in any part of the city of Greater New York should continue to hold their positions and be entitled to such compensation as was then provided by the various school boards, subject to reassignment or to removal for cause. Laws 1900, p. 1607, c. 751, § 4, amending the charter of 1897 (Laws 1897, p. 394, c. 378, § 1091), provided that no female teacher of a girls' graduating class should after 10 years service receive less than $1,440 per annum. Held that, after 10 years of service, a female teacher who taught a girls' graduating class, both before and after the consolidation, as well as at the time of the going into effect of chapter 751, became entitled by such act to a salary of $1,440 per annum, and upon retirement to a pension of half that amount; and the fact that during part of the time she taught in connection with a graduating class a class not so far advanced did not affect her right.

**2. SAME.**

Greater New York Charter, Laws 1897, p. 404, c. 378, § 1117, operated to permanently protect teachers appointed either before or after the passage of the act in the tenure of their positions, unless removed or reassigned for cause and in the manner provided by law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Schools and School Districts, § 302.]

**3. SAME—RECOVERY OF SALARY—PROCEDURE—MANDAMUS.**

A school teacher, after retirement upon pension who was never removed nor reduced in rank, is not compelled to resort to mandamus for reinstatement before enforcing her right to back salary and pension to which she is entitled.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Schools and School Districts, § 315.]

**4. SAME—RIGHT TO COMPENSATION—WAIVER.**

The mere acceptance and receipting for a salary and pension by a retired teacher at a lower rate than that to which she was entitled was not a waiver of her right to compensation at the higher rate, where her right to such salary and pension did not rest on contract, but was definitely provided for by statute.

Ingraham, J., dissenting.

Appeal from Appellate Term.

Action by Frances E. Moore against the board of education of the city of New York to recover salary as school teacher and pension as retired school teacher. From a determination of the Appellate Term affirming a judgment of the Municipal Court of the city of New York for plaintiff, defendant appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, HOUGHTON, and SCOTT, JJ.

Theodore Connoly, for appellant.

John E. O'Brien, for respondent.

SCOTT, J. The defendant appeals from a determination of the Appellate Term affirming a judgment in plaintiff's favor in the Municipal Court.

The plaintiff had been a teacher in the public schools of the county, now borough, of Richmond for some 29 years prior to the incorporation of that county into the city of New York on January 1, 1898, and at that date she had been employed continuously for 8 years as teacher of the girls' graduating class in public school No. 18; that being the highest grade or class in the school. Prior to consolidation there was in the county of Richmond no particular salary attached to any particular grade or position; the matter of salary being one of yearly contract between each teacher and the local school authorities. Section 1086 of the Greater New York charter of 1897, which went into effect on January 1, 1898 (chapter 378, p. 392, Laws 1897), provided that all yearly school contracts, such as that which the plaintiff held, should be continued until the expiration of the yearly term named therein, and section 1091 continued the salaries as fixed and paid at the date of consolidation until new schedules should be adopted by the borough boards. Section 1117 provided that:

"All superintendents * * * teachers * * * in the public school system of any part of the city of New York, as constituted by this act, shall con-

tinue to hold their respective positions, and to be entitled to such compensation as is now provided or may hereafter be provided by the various school boards, subject to the limitations of this act, and to reassignment or to removal for cause as may be provided by law."

After consolidation had been effected plaintiff continued to teach, as she had done before, a class which was exclusively a girls' graduating class, and the highest class in the school until June 1, 1898. After that date her class was composed in part of girls about to graduate, known as pupils of the eighth grade, and in part of pupils of a lower, or seventh grade. This change in the composition of the class appears to have been the result of some rearrangement of classes, the nature of which is not explained. It does not appear that plaintiff was ever disciplined or "reassigned" within the meaning of that word as used in section 1117, and it is clear that down to the date of her retirement the class she taught was, in part at least, a girls' graduating class. In 1900 the Legislature enacted the so-called "Davis Act" (chapter 751, p. 1605, Laws 1900), which went into effect on May 3, 1900. That act dealt in great detail with the subject of the salaries of teachers and other employés of the board of education, and by its fourth section (amending section 1091 of the charter of 1897) provided as follows:

"The board of education shall have power to adopt by-laws fixing the salaries of the borough and associate superintendents and all members of the supervising and the teaching staff * * * and no female teacher of a girls' graduating class * * * shall after ten years of service in said schools receive less than $1,440 per annum."

Pursuant to this act the board of education adopted a by-law which provided that:

"Female teachers in the elementary schools appointed to classes in the 8th b. grade shall receive salaries in accordance with the following schedule, viz.: * * * Ten years $1,440."

It appears to be agreed that "girls' graduating classes" are included within the phrase "classes in the 8th b. grade." At the time the so-called "Davis Act" went into effect plaintiff was receiving a salary of $1,320 per annum, and it is conceded that she continued to be paid, and to have accepted, salary at that rate down to the time of her retirement on February 1, 1901, and to have been paid and accepted a pension at the rate of half that sum, or $660 per annum, since the date of her retirement. She now claims that she was entitled to receive from the date of the passage of the Davis act to the date of her retirement salary at the rate of $1,440 per annum, and a pension since she retired at the rate of half that salary, or $720 per annum. Her judgment is for the difference between what she has received and what she now claims that she was entitled to receive. It is clear beyond contradiction that at the time the Greater New York Charter went into effect the plaintiff held a position in the educational system in the county of Richmond as teacher of a girls' graduating class, being the highest grade of·class in the elementary schools of that county. Such is the fact, and it is entirely unimportant that the place she held was not designated in terms as a "position" in any act or by-law. Consolidation found her so occupied and holding such a position or place.

Section 1117 of the charter then became operative. The object and effect of that section has been declared by the highest authority. It operated to permanently protect teachers, as well those employed before the passage of the act, as those appointed afterwards, in the tenure of their positions unless removed or reassigned for cause and in the manner provided by law. People ex rel. Callahan v. Board of Education, 174 N. Y. 169–174, 66 N. E. 674; Bogert v. Board of Education, 106 App. Div. 56, 94 N. Y. Supp. 180. The effect of that section, therefore, so far as concerned this plaintiff was to permanently secure her tenure of the position in which the charter found her, to-wit, that of a teacher of a girls' graduating class. Except for cause, the defendant had no power after January 1, 1898, to reduce her to a lower position, and we do not consider that they should be held to have done so, or to have attempted to do so merely because her class was so reconstituted that, in addition to teaching girls about to graduate, she was called upon to teach others not so far advanced. By fair intendment, therefore, as well as by operation of law, she continued to be a teacher of a girls' graduating class, and was such on May 3, 1900, when chapter 751, p. 1605, Laws 1900, went into effect, and by the terms of that act she at once became entitled to receive the salary which she now claims. Since she had never been removed or reduced in rank, she is under no necessity to proceed by mandamus for reinstatement.

The defendant insists that, by accepting and receipting for salary and pension at the lower rate, the plaintiff has waived the right to compensation at the higher rate. If her right to compensation rested upon contract, there would be force in this contention; but it does not. Her right to receive both the salary and the pension which she now claims was definitely fixed by statute, and, when the compensation of a public employé is fixed by statute, it cannot be reduced by the superior officer under whom he or she is employed, and the fact that the employé for a time accepts the reduced compensation does not estop him or her from subsequently claiming the residue. Kehn v. State, 93 N. Y. 291; McCunney v. City of New York, 40 App. Div. 482, 58 N. Y. Supp. 138; Clark v. State, 142 N. Y. 101, 36 N. E. 817.

The determination of the Appellate Term must be affirmed with costs. All concur, except INGRAHAM, J., who dissents.