HAZEN v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. June 5, 1908.)

SCHOOLS AND SCHOOL DISTRICTS—TEACHERS—COMPENSATION—STATUTES.

Greater New York Charter, Laws 1901, p. 473, c. 466, § 1091, provides that "no male head teacher, male assistant to the principal, male first assistant, or male vice principal in said schools, shall receive less than $2,500 per annum." Section 1101 (page 484) provides that all licenses to teach in the city of Brooklyn, granted before the consolidation and recognized as in force at that date in that city, shall be recognized by the school officers of the city of New York as in full force, and shall entitle the holders to appointment or promotion to any position to which they were eligible by possession of such license. Held, that one who at the time of the consolidation was a teacher in the city of Brooklyn, and held a grade A license "to teach a common school in said city as a teacher of Latin and geometry in Manual Training School," was not entitled to salary as head teacher, though such license was the highest certificate granted to teachers in high schools by the city of Brooklyn; it not being shown that the board of education of such city made the holder of such a certificate eligible to appointment as head of a department, and he not having in fact been appointed a head teacher, but the board of education of the city of New York, by resolution classifying him as a manual training high school teacher, having merely designated him "to act temporarily as head teacher," and such temporary assignment, understood by all to be such merely, even if void, not having the effect of a permanent appointment, though he continued thereafter to perform the duties of head teacher.

Appeal from Trial Term, Kings County.

Action by Irving A. Hazen against the board of education of the city of New York. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, MILLER, and GAYNOR, JJ.

John Hill Morgan, for appellant.
Theodore Connoly (Stephen O'Brien and Thomas F. Noonan, on the brief), for respondent.

MILLER, J. The plaintiff sues to recover the difference between the salary paid him by the defendant from May 3, 1900, when chapter 751, p. 1605, of the Laws of 1900, went into effect, to March 1, 1906, and the minimum salary prescribed by that act for the position of "male head teacher." The provision in question, now found in section

111 N.Y.S.—22

1091 of the Revised Charter (chapter 466, p. 473, of the Laws of 1901),
so far as applicable, is as follows:

"No male head teacher, male assistant to the principal, male first assist-
ant, or male vice principal in said schools, shall receive less than $2,500 per
annum, nor after five years of service as such, less than $3,000 per annum."

The case was tried by the court without a jury, and a judgment was
rendered dismissing the complaint on the merits, from which the
appeal is taken.

The plaintiff was a teacher in the city of Brooklyn at the time of
consolidation, and held a grade A license "to teach a common school
in said city as a teacher of Latin and geometry in Manual Training
High School." A classification of teachers was adopted by resolution
of the board of education of the city of New York for the borough of
Brooklyn on the 27th day of June, 1899, and the plaintiff was classi-
fied under the heading "Manual Training High School Teachers."
Said resolution also contained the following provision:

"Teachers of their respective subjects designated to act temporarily as head
teachers: Irving A. Hazen, Department of Foreign Languages."

It is conceded that the plaintiff has performed the duties of a head
teacher since thus temporarily assigned. After the passage of said
chapter 751, p. 1605, of the Laws of 1900, the plaintiff filed with the
board of education a statement which was evidently required of all
teachers for the purpose of fixing their status under said statute. In
that statement he said that his present position was that of a regular
teacher of Latin and geometry in Manual Training High School, bor-
ough of Brooklyn, and that he claimed a salary of $2,180 per annum
under said law. Subsequently, and on December 15, 1902, he filed an
application for a "first assistant's license to teach classical languages
in high school," and in that application stated that his present position
was "teacher of Latin, Manual Training High School." He failed on
his examination, and the license was refused. On May 9, 1898, the
board of education adopted a resolution prescribing the minimum re-
quirements of teachers of the various grades and the licenses necessary
for each grade. Said resolution provided:

"No one shall be appointed or promoted to the position of head of depart-
ment or assistant principal in a high school who does not hold a first as-
sistant teacher's license or a principal's license for high schools."

It is conceded that the plaintiff did not hold a first assistant teacher's
license or a principal's license for high schools.

Section 1104 of the charter of 1897 (Laws 1897, p. 400, c. 378) pro-
vided:

"A school board shall also have power to fix a standard of qualification
as a necessary requirement for the service of all principals and teachers in
the high schools and schools of the borough, which requirement may be
higher, but not lower that the minimum qualifications established by the
board of education of the city of New York."

And section 1089 of the Revised Charter (chapter 466, p. 469, of
the Laws of 1901) provided:

"The board of education on the recommendation of the board of superin-
tendants shall designate, subject to the requirements of the state school

laws in force when this act takes effect or that may thereafter be enacted, the kinds or grades of licenses to teach which may or shall be used in the city of New York together with the academic and professional qualifications required for each kind or grade of license. The board of education, on the recommendation of the board of superintendents, shall also 'designate, subject to the like limitations, the academic and professional qualifications required for service of principals, branch principals, supervisors, heads of departments, assistants and all other members of the teaching staff."

The plaintiff contends that he was eligible to appointment as head teacher by virtue of the grade A license held by him at the time of consolidation, and that the by-law quoted supra was inoperative to deprive him of eligibility for such appointment by reason of section 1101 of the Revised Charter, which, so far as material, provides as follows:

"All licenses to teach or certificates of qualifications for teaching granted by the superintendent of public instruction of the city of Brooklyn, or by the authority of the board of education of the said city of Brooklyn, prior to February first, eighteen hundred and ninety-eight, or recognized by the board of education of the said city of Brooklyn or the State Superintendent of Public Instruction as in force at that date in said city, shall unless revoked for cause by the State Superintendent of Public Instruction, be recognized by the city superintendent of schools and the board of examiners of the city of New York, as in full force, and shall entitle the holders to appointment or promotion to any position to which they were respectively eligible by the possession of such licenses or certificates."

There is proof and a finding to the effect that said grade A license "was the highest certificate granted to teachers in high schools by the old city of Brooklyn"; but there is no proof of any by-law or regulation of the board of education of the city of Brooklyn making the holder of such a certificate eligible to appointment as head of a department. Upon the face of the certificate the plaintiff was licensed to teach Latin and geometry in a manual training high school. The professional requirements of a teacher of a given subject and of the head of a department might be very different. The duties of the head of a department are supervisory in character, and it does not necessarily follow that the holder of the highest license granted to teachers of a given subject was also eligible for appointment or promotion to the position of head teacher or head of department; and unless said license made the plaintiff eligible for such promotion or appointment the provision of said section 1101, quoted supra, would not apply.

The plaintiff relies upon Matter of Brooklyn Teachers' Ass'n, 85 App. Div. 47, 83 N. Y. Supp. 1; Id., 176 N. Y. 564, 68 N. E. 1114. In that case it was conceded that the petitioners were eligible to appointment and promotion to any grammar grade in the schools of said city of Brooklyn, and the petitioners sought to have their names placed on an eligible list for appointment or promotion to such grades. The provisions of the statute, quoted supra, authorized the board of education to prescribe the qualifications of teachers for the different positions (see, also, Matter of Stebbins, 41 App. Div. 269, 58 N. Y. Supp. 468), and to provide by resolution that the possession of a first assistant teacher's license or a principal's license for high schools should be requisite for appointment or promotion to the position of head teacher, except so far as that power may have been curtailed by section 1101, supra. But there is no evidence in this record that the

plaintiff has been deprived of any right which he possessed as holder of said grade A license to teach Latin and geometry in the Manual Training High School. He recognized his status as a teacher, accepted without protest the salary to which he was entitled as a teacher, took two examinations for a first assistant's license, and failed on each.

But, even assuming that the plaintiff established his eligibility for the position of head of the department of foreign languages in the Manual Training High School, the proof utterly fails to show an appointment or promotion to that position. On the contrary, the resolution, which he says had that effect, classified him as a teacher, and provided that all teachers of the respective subjects were designated to act temporarily as head teachers. We have already held that a designation or assignment to act temporarily in a given position is not an appointment to that position. Hoefling v. Board of Education, 120 App. Div. 545, 104 N. Y. Supp. 941. The plaintiff contends that the temporary assignment was void, and that, as the board must be presumed to have intended a valid act, it must follow that it intended to make a permanent appointment; but that is a non sequitur. It is evident that both he and the board understood that he was not entitled to the position of head teacher until he obtained a first assistant's license, and under that understanding he was temporarily designated to act. He was quite willing to accept the status of a regular teacher at the salary paid him, and to perform the duties of a head teacher, thus keeping the latter position open to him until he became eligible, and under that understanding he acted for six years. Even though he had been eligible to appointment as head teacher, the board was not obliged to appoint him, and it is a novel proposition that an irregular temporary assignment can have the effect of a permanent appointment.

Consolidation and the changes in the statute applicable to the department of education doubtless necessitated a readjustment of the teaching force. It is but reasonable to suppose that during the process of readjustment many teachers were called upon temporarily to perform the duties of positions without being permanently assigned to them, and perhaps without even being eligible to such assignment. Like the plaintiff, they were doubtless quite willing to perform such duties for the salary of the position to which they were entitled, in the hope of ultimately becoming eligible to permanent assignments. No matter how long they may thus have continued to act, they should not now be permitted to claim permanency of tenure and a salary made by statute an incident to the position on the ground that they have been acting irregularly. Certainly they have no contract rights to salaries which neither they nor the board of education employing them understood they were to receive. The plaintiff was receiving $1,500 a year when said chapter 751, p. 1605, of the Laws of 1900 went into effect. That statute fixed the minimum salary for a male regular teacher at $2,160. The plaintiff at once claimed that salary, and for six years has received it. There can be no doubt that he was entitled to the position as an incident to which that salary has been paid. Permanancy of salary and tenure in that position has been assured him by said statute But he cannot recover the salary of a higher position without showing a clear legal right to that position. Said chapter 751, p. 1605, of

the Laws of 1900, as construed by the courts, did have the effect of making the salary an incident to the position, very much as the salary of a public officer is an incident to the office. The right to the office, not the discharge of its duties, determines the right to the salary. There is nothing in this view in conflict with Moore v. Board of Education, 121 App. Div. 862, 106 N. Y. Supp. 983. That case merely held that section 1117 of the charter secured permanency of tenure to the teachers of the annexed districts in the positions held by them at the time of consolidation. The question of eligibility was not involved.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.