DILDINE v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. June 11, 1909.

1. SCHOOLS AND SCHOOL DISTRICTS (§ 144*)—TEACHERS—EMPLOYMENT—"SENIOR TEACHER."

The position of senior teacher, within the rules of the board of education of the city of New York, relating to additional compensation for teachers acting as senior teachers in charge of schools, is not an independ-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ent position, within Laws 1897, p. 399, c. 378, § 1103, and Laws 1901, p 472, c. 466, § 1090, providing for appointments to positions on the teaching staff; but the position is that of a regular teacher who, under the direction of the principal of the school, is performing special duties—the word "senior," as applied to a teacher, not relating to the age or period of service, but to particular duties which such teacher is called on to perform.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 144.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 141*)—TEACHERS—EMPLOYMENT.

The designation of a teacher as a senior teacher under the rules of the board of education of the City of New York, providing for additional compensation to senior teachers, does not vest in one so designated the right to permanently occupy the position; and Laws 1897, pp. 403, 404, c. 378, §§ 1114, 1117, and Laws 1901, pp. 479, 483, c. 466, §§ 1093, 1101, relating to removals and reassignments, do not apply.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig § 141.*]

3. SCHOOLS AND SCHOOL DISTRICTS (§ 145*)—TEACHERS—COMPENSATION—ESTOPPEL—WAIVER—QUESTION FOR JURY.

Whether a teacher, appointed to the position of senior teacher under the rules of the board of education of the city of New York, providing for additional compensation to senior teachers, was estopped from claiming or waived the right to claim the additional compensation by accepting the smaller compensation, *held* for the jury.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 145.*]

Appeal from Special Term, Kings County.

Action by George H. Dildine against the Board of Education of the City of New York. From a judgment for defendant, and from an order denying a motion to set aside the court's direction dismissing the complaint and for a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, BURR, RICH, and MILLER, JJ.

Ira Leo Bamberger (Sidney Lowenthal, on the brief), for appellant.
Theodore Connoly (Stephen O'Brien and Charles McIntyre, on the brief), for respondent.

BURR, J. The complaint sets forth three causes of action. Under the first, plaintiff seeks to recover $556.16, which he claims that he is entitled to receive in addition to the regular salary previously paid to him as a teacher in the public schools. The basis of this claim for additional compensation is that he acted as senior teacher in charge of a school between July 16, 1900, and June 28, 1906. Under the second and third causes of action he seeks to recover the sums of $443.59 and $543.61, respectively, as assignee of Etta J. Russell and Gertrude M. Traphagen, whose claims are similar in character.

It is not disputed that the plaintiff did act as senior teacher in charge of Public School No. 38, in Rosedale, in the borough of Queens, for a portion of the time for which the claim is made, and as such teacher in Public School No. 48 for the balance thereof, nor that Etta J. Russell and Gertrude M. Traphagen so acted; the former at Public School No. 63, at Woodhaven, and the latter succeeding the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaintiff at Public School No. 38, at Rosedale. The plaintiff and each of his assignors held certificates or licenses permitting them to act as teachers of the highest grade in the schools where they were employed, and it was admitted that their work had been satisfactorily performed. The word "senior," as applied to a teacher, does not relate to age or period of service, but to certain particular duties which such teacher was called upon to perform. There was proof that these additional services were important in character and required the expenditure of a considerable time outside of school hours. On July 16, 1900, the defendant passed a by-law which read as follows:

"In schools of less than five classes the teacher of the highest grade shall receive, in addition to the regular salary of a teacher, $100 per annum as compensation for acting as senior teacher in charge of the school."

A similar by-law was passed in 1902. In 1903 a by-law was passed which read as follows:

"In a school of the fifth order the teacher acting as senior teacher in charge of the school shall receive, in addition to the regular salary, $100 per annum."

Under a by-law adopted in 1902, classifying the schools, schools of the fifth order were declared to be those having less than six classes. Each of the schools above named had less than five classes. Neither the plaintiff nor either of his assignors was formally designated, either by the school board of the borough of Queens or by the board of education, to act as such senior teacher. The plaintiff was so designated by the principal of the school where he was engaged on June 20, 1899, and there was evidence from which the jury might have found that this was at the request and with the knowledge of the district superintendent. Both Miss Russell and Miss Traphagen were also designated by the principals of their respective schools; Miss Russell in September, 1901, and Miss Traphagen in September, 1900. There was evidence from which the jury might have found that the district superintendent, if he did not request, at least acquiesced in, such designation.

The defendant contends that in default of an appointment to the position of senior teacher in charge of a school, either by the school board in the first instance, or later by the board of education, neither the plaintiff nor his assignors were legally acting, and that consequently they cannot maintain a claim for additional compensation. Under the original charter of the city of New York it was provided that appointments to positions on the teaching staff of the defendant should be made by the school boards of the various boroughs, and the same was true of promotions. Laws 1897, p. 399, c. 378, § 1103. By the revised charter appointments were to be made by the board of education. Promotions were to be made by the board of superintendents, subject to the approval of the board of education. Laws 1901, p. 472, c. 466, § 1090. If the position of senior teacher in charge of a school was a separate and independent position, recognized as such in the statute, and so classified, we think that there would be no answer to the defendant's contention. Hoefling v. Board of Education, 120 App. Div. 545, 104 N. Y. Supp. 941; Hazen v. Board of Education, 127 App. Div. 235, 111 N. Y. Supp. 337. But

neither in the original charter nor in the revised charter is the position of "senior teacher in charge of a school" enumerated among the various positions therein specified. Nor is there any by-law of the defendant which has been put in evidence which provides how such teacher shall be designated. We think, therefore, that the position may be regarded as that of a regular teacher who, under the direction of the principal of the school, is performing special duties.

Although there is no statute which in express terms gives to a principal of a school power to make such designation, prior to 1901 it does not seem to have been expressly provided for. The revised charter of 1901, which went into effect on January 1, 1902 (subsequently to the date of designation both of the plaintiff and his assignors), for the first time expressly provided, not only that "principals, branch principals, heads of departments, teachers, assistants and all other members of the teaching staff, shall be appointed by the board of education on the nomination of the board of superintendents," but "when so made the principals, branch principals, heads of departments, teachers, assistants and all other members of the teaching staff shall be assigned to duty to such schools, and to such positions in such schools, as the board of superintendents shall determine." If, therefore, prior to January 1, 1902, such designation was made by a principal with the knowledge and acquiescence of the district superintendent, in the absence of an express provision as to how such designation should be made, we think such designation was binding upon the defendant. The by-law was manifestly passed to accomplish some purpose. We think that the effect of it was not to make two separate and distinct grades of teachers, the regular teacher and the senior teacher in charge of a school, but simply to provide that a regular teacher performing a particular service should, while performing such service, have additional compensation beyond that fixed for a regular teacher who did not perform such service. We think that the effect of such a designation was not to secure the person so designated permanently in the position, so that the provisions of the statute relative to removals or reassignments would have application. Laws 1897, pp. 403, 404, c. 378, §§ 1114, 1117; Laws 1901, pp. 479, 483, c. 466, §§ 1093, 1101.

The defendant also claims that the receipt by the plaintiff and his assignors of the regular salary during the period claimed prevents the maintenance of this action. We think it was at least a question for the jury whether, under the circumstances, the acceptance of the smaller sum operated either to estop the plaintiff and his assignors or as a waiver of their claims. At the close of the plaintiff's evidence the complaint was dismissed.

We think this was error, and that the judgment appealed from should be reversed, and a new trial granted; costs to abide the event. All concur.