THOMSON v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   March 4, 1910.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 141*)—BOARD OF EDUCATION—BY-LAWS—ADOPTION.

   The board of education of the city of New York had power on July 14, 1897, to adopt a by-law abolishing the position of general assistant principal in the New York schools and creating the position of assistant to the principal, and providing a method of selection and appointment thereto, though the effect of the by-law was to remove arbitrarily and without trial all persons holding the position of general assistant in the schools.

   [Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 302; Dec. Dig. § 141.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 59*)—NEW YORK BOARD OF EDUCATION—POWERS—GREATER NEW YORK CHARTER.

   Greater New York Charter (Laws 1897, c. 378) § 1611, provides that, to determine the effect of the act on other acts and the effect of other acts on the charter, it shall be deemed to have been enacted January 1, 1898, provided that where, by the terms of the act, an election is provided or required to be held, or any other act done or forbidden, prior to that date, then, as to such election or acts, the charter shall take effect from its passage. Held, that the proviso did not affect the power of the board of education of the city of New York to make by-laws theretofore conferred by statute prior to the date the charter took effect; such power being expressly continued until that time by sections 1613, 1614.

   [Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 143; Dec. Dig. § 59.*]

3. SCHOOLS AND SCHOOL DISTRICTS (§ 141*)—TEACHERS—APPOINTMENT—REMOVAL.

   Plaintiff's assignor prior to July 14, 1897, held a position in a public school in the old city of New York, described as general assistant. On that day the board of education abolished such position, and created that of assistant to the principal, and provided a method of selection and appointment thereto. Held that, in the absence of a valid appointment to such position in accordance with the by-law, plaintiff's assignor could not

---

claim the rank of assistant to the principal, though she thereafter performed duties similar to those performed by one occupying such position.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 301, 302; Dec. Dig. § 141.*]

4. SCHOOLS AND SCHOOL DISTRICTS (§ 145*)—TEACHERS—INCREASED SALARY—ACTION—FINDINGS—EVIDENCE.

In an action by the assignee of a school teacher to recover a balance of salary as assistant to the principal, to which rank she had never been appointed, though she was a general assistant until that rank was abolished by a by-law creating the rank of assistant to the principal on July 14, 1897, evidence *held* insufficient to warrant a finding that after the adoption of such by-law she discharged the duties of assistant to the principal.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 316; Dec. Dig. § 145.*]

Appeal from Special Term, Kings County.

Action by Olof Thomson against the Board of Education of the City of New York. Judgment for defendant, and plaintiff appeals. Affirmed.

Argued before WOODWARD, JENKS, BURR, THOMAS, and RICH, JJ.

Albert C. Aubery, for appellant.

Stephen O'Brien (Theodore Connoly and Charles McIntyre, on the brief), for respondent.

BURR, J. Plaintiff sues as the assignee of Sara F. Pettit to recover the difference between the sum actually paid to her by defendant between June 1, 1900, and November 1, 1906, and the amount of compensation fixed by statute for the position of assistant to principal in one of the public schools of the city of New York. Prior to July 14, 1897, plaintiff's assignor held a position in a public school in the former city of New York, described as general assistant. On that day the board of education of that city adopted a by-law abolishing the position of general assistant, creating the position of assistant to principal, and providing the method of selection and appointment thereto. Thereafter the Legislature passed an act for the purpose of establishing a uniform salary schedule for persons holding positions in the service of defendant, which, among other things, provided that no "female assistant to principal in said schools shall receive less than sixteen hundred dollars per annum after ten years of service." Laws 1900, c. 751, § 4. It was conceded, and the court has found, that the said Sara F. Pettit was never appointed to the position of assistant to principal in the manner prescribed by such by-law. Plaintiff now contends, first, that the board of education of the former city of New York had no power to pass a by-law such as was passed on July 14, 1897, which should be operative as against his assignor; and, second, that the duties which she performed after the passage of the by-law were similar to those which she performed prior thereto, and that such duties were the same as those attached to the new position of assistant to principal.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

We think that the by-law was a valid one, even although the effect of it was to remove arbitrarily and without a trial all persons holding the position of general assistant in the public schools. People ex rel. Callahan v. Board of Education, 174 N. Y. 169, 66 N. E. 674. Although the Greater New York charter was passed May 4, 1897, it did not take effect until January 1, 1898. The provisos specified in section 1611 of said charter (Laws 1897, c. 378) did not relate to the power or authority to make by-laws theretofore conferred by statute upon the board of education. On the contrary, this power was expressly continued until the charter and its several provisions should take effect. Laws 1897, c. 378, §§ 1613, 1614; County of Queens v. City of New York, 48 App. Div. 337, 62 N. Y. Supp. 1047. Even although the duties performed by plaintiff's assignor were similar in character to those performed by one occupying the position of assistant to principal, in the absence of a valid appointment to such position, she could neither claim the rank nor the salary incident thereto. Hoefling v. Board of Education, 120 App. Div. 545, 104 N. Y. Supp. 941; Hazen v. Board of Education, 127 App. Div. 235, 111 N. Y. Supp. 337; Dildine v. Board of Education, 133 App. Div. 261, 117 N. Y. Supp. 578.

But there is no evidence to sustain the finding of the learned trial justice, made at the request of plaintiff, that during the period for which extra compensation is claimed the said Sara F. Pettit did discharge the duties of assistant to principal. It is true that in the complaint it is alleged that the duties and requirements of the position of assistant to principal were of the same general nature and character as that of the position theretofore known and designated general assistant, or general assistant to principal, and there is a further allegation specifying the particular duties performed by her either in the position of general assistant, general assistant to principal, or as assistant to principal. Defendant denies this allegation as to similarity of requirements, or that the specified duties which it is claimed that she performed were those of an assistant to principal. The case was submitted upon the pleadings and an agreed state of facts. It is thereby admitted that after the passage of the by-law the said Sara F. Pettit continued to perform the duties specified; but there is no evidence, either by way of admission or otherwise, that these were the duties belonging to the position of assistant to principal. The learned trial judge in his opinion says:

"For upwards of four years she continued to perform the very same duties as she had done when she was a 'general assistant,' but whether these duties were wholly the same as those attached to the new position of 'assistant to principal' does not appear."

In the absence of any evidence to sustain it, we doubt whether the respondent would be bound by this finding of fact, which seems to have been inadvertently made. Giving to plaintiff, however, the benefit of this finding of fact, for the reasons hereinbefore stated, the conclusion of law that he was entitled to recover the additional compensation which is the subject of this action would not follow.

The judgment appealed from should be affirmed, with costs. All concur.