(70 Misc. Rep.' 515.)

TWOMBLY v. CITY OF NEW YORK.

(Supreme Court, Appellate Term. February 8, 1911.)

1. MUNICIPAL CORPORATIONS (§ 220*)—OFFICERS—COMPENSATION—ESTOPPEL.

Plaintiff, while employed as examiner in the board of education and receiving $1,200 yearly, when he was entitled to $1,500 yearly, by signing a written consent to a transfer to the department of finance at a yearly salary of $1,200, was estopped from claiming from the latter board the payment of the difference between the $1,200 and the $1,500 rate for the time he worked in such latter board.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 220.*]

2. MUNICIPAL CORPORATIONS (§ 220*)—OFFICERS AND AGENTS—COMPENSATION.

If a transfer of an examiner in the board of education to a position as examiner in the board of finance, without the consent of the transferee, was illegal, because from a higher to a lower grade, the remedy was by mandamus for reinstatement, before suit for salary could be maintained.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 220.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Daniel W. Twombly against the City of New York. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Archibald R. Watson (Theodore Connoly and Loyal Leale, of counsel), for appellant.

Stephen O'Brien, for respondent.

BRADY, J. The plaintiff was employed as an examiner in the board of education of the city of New York at a yearly salary of $1,200 from March, 1902, to September 24, 1906, when the comptroller requested, and the plaintiff consented to, his transfer to the position of examiner in the finance department at the same yearly salary of $1,200. The plaintiff continued in such position in the finance department and was paid the yearly salary of $1,200, for which he receipted, without making any protest, from the time of his said transfer to April 1, 1908, when the comptroller increased his salary to $1,500. Prior to the plaintiff's transfer, and in March, 1904, the board of estimate, by resolution, concurred in by the board of aldermen and approved by the mayor, fixed the salary of the position of examiner in the board of education at $1,500 a year, to take effect as of October 3, 1903. The board of education, however, refused to certify or to pay the plaintiff salary at this increased rate, and on December 1, 1909, he recovered a judgment against it, the said board of education, for the amount of the increase for the period from October 3, 1903, to September 24, 1906.

No charges have ever been preferred against the plaintiff, and he has never been called upon or requested to make an explanation. The

municipal civil service rules provide for two grades of examiners, one with yearly salary of $1,200, and the other with yearly salary of $1,500. The present action is brought by the plaintiff to recover the difference between the yearly salary of $1,200 for the period from September 24, 1906, to April 1, 1908, while in the department of finance, which has been paid to him, and for which he has receipted without protest, and that of $1,500, to which he claims he is entitled, to wit, the sum of $456, and interest thereon of $79.72. The court granted judgment in favor of the plaintiff for the full amount claimed and interest, and from the judgment so rendered defendant takes this appeal.

At the time of the transfer of the plaintiff from the board of education to the finance department he was accepting a salary of $1,200, although the salary fixed by law for that position was $1,500 per annum, and he was entitled to recover and did recover from the board of education, in the action brought for that purpose, the difference between the two amounts for the period during which he received and accepted the lower salary. The action in which that recovery was had decided only that plaintiff was entitled to a salary of $1,500 as examiner in the board of education, and that he was not estopped from recovery because he had each month accepted and receipted for the lower salary. This doctrine was laid down in Moore v. Board of Education, 121 App. Div. 862, 106 N. Y. Supp. 983, and McGrade v. City of New York, 126 App. Div. 362, 110 N. Y. Supp. 517. These were the only questions involved in that action.

On the 24th of September, 1906, plaintiff was transferred to the department of finance, and this fact raises a new and entirely different question. This tranfer was made in the usual manner by printed request, signed by the comptroller, to the municipal civil service commission for the issuance of a certificate for the proposed transfer of the plaintiff, stated as being then employed as examiner in the auditing bureau, department of education, at a salary of $1,200, to the position of examiner at a salary of $1,200 in the office of department of finance. Upon the face of the printed request the plaintiff signed a consent as follows:

"I hereby consent to the above transfer.        Daniel W. Twombly."

The transfer took effect September 24, 1906, and from that date to April 1, 1908, the plaintiff performed service as an examiner in the finance department and received $1,200 per annum without protest.

There is nothing in the record herein to show or to warrant in any manner the slightest presumption that the comptroller in requesting, or the board of education in acquiescing in, the transfer, were actuated or moved by any purpose inimical to the plaintiff, or that his consent was the result of misrepresentation or duress. The terms of the transfer were perfectly plain, and it may be reasonably presumed that the same was brought about, not alone with his consent, but by his active procurement. I am of opinion, therefore, that plaintiff is estopped by such consent from making his claim herein.

Assuming, however, that such transfer was without his free consent, and was against his will, and was, as claimed by plaintiff's counsel, a removal from a higher to a lower grade, and illegal, his remedy was to apply for reinstatement by mandamus, before suit for salary can be maintained. Sutliffe v. City of New York, 132 App. Div. 831, 117 N. Y. Supp. 813.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.