GORMLEY v. BOARD OF EDUCATION.

.'(Supreme Court, Special Term, Richmond County. April 27, 1911.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 144*)—APPOINTMENT OF TEACHER—COM-
    PENSATION—"VICE PRINCIPAL."
        On June 30, 1898, the Richmond borough school board appointed plain-·
    tiff as "vice principal," subject to the rules and regulations prescribed by
    the city superintendent of schools." The rules of the city superintendent:
    limited appointment to the position of "assistant principal" to those hold-
    ing a "first assistant teacher's license or a principal's license for high.
    schools." Plaintiff did not have either one of the licenses mentioned in
    the city superintendent's rule, but possessed a certificate of the State·
    Superintendent of Public Instruction. *Held*, that the term "assistant·
    principal," as used in the city superintendent's rules, was equivalent to
    the term "vice principal," and plaintiff was not entitled to the salary of·
    a "vice principal" or "head of department."
        [Ed. Note.—For other cases, see Schools and · School Districts, Cent.
    Dig. §§ 308–314; Dec. Dig. § 144.*
        For other definitions, see Words and Phrases, vol. 8, pp. 7313–7316;.
    vol. 8, p. 7827.]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 144*)—APPOINTMENT OF TEACHER—·
    COMPENSATION.
        A further appointment of plaintiff on September 8, 1898, as "acting·
    head of department," was ineffectual to entitle her to the pay of a regu-
    lar head of department, as such appointment was temporary in its char-
    acter.
        [Ed. Note.—For other cases, see Schools and School Districts, Cent.
    Dig. §§ 308–314; Dec. Dig. § 144.*]

Action by one Gormley against the Board of Education. Judgment.
for defendant.

Frank H. Innes, for plaintiff.
Charles McIntyre, Asst. Corp. Counsel, for defendant.

KAPPER, J. [1] Plaintiff's claim to the difference between the·
salary paid her and that payable to a "vice principal" or "head of de-
partment" is based upon her alleged appointments to such respective
positions by the Richmond borough school board; the former on
June 30, 1898, and the latter on September 8, 1898. It is not disputed
that she did not hold either position at the time of consolidation,.
January 1, 1898; hence the cases of Steinson v. Board of Education,
49 App. Div. 143, 63 N. Y. Supp. 128, affirmed 165 N. Y. 431, 59 N.
E. 300, Bogert v. Same, 106 App. Div. 56, 94 N. Y. Supp. 180, and
Shaul v. Same, 108 App. Div. 19, 95 N. Y. Supp. 479, in which cases
the defendant attempted to discharge the plaintiffs, who held teachers'
certificates granted by the State Superintendent of Public Instruction,
upon the ground that they did not hold city licenses, do not apply.
The case of Moore v. Board of Education, 121 App. Div. 862, 106 N.
Y. Supp. 983, held that section 1117 of the Greater New York charter
(Laws 1897, c. 378) secured permanency of tenure to the teachers
of the annexed districts in the positions held by them at the time of
consolidation.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to 'date, & Rep'r Indexes·

The plaintiff here was not refused the right to teach or continue in her employment after consolidation. She does not claim to be entitled to the higher pay because she held the certificate of the State Superintendent, but asserts her right thereto because of her alleged appointments to the higher positions in June and September, 1898, as stated at the outset. Her attempted appointment on June 30, 1898, as "vice principal," was expressly made "subject to the rules and regulations prescribed by the city superintendent of schools." Those rules limited appointments to the position of "assistant principal" (which may be said to be the same as a "vice principal") to those holding a "first assistant teacher's license or a principal's license for high schools," neither of which licenses, it is conceded, the plaintiff held. In Wood v. Board of Education, 59 Misc. Rep. 605, 112 N. Y. Supp. 578, a similar appointment was under consideration, and it was held that, the appointment having been made subject to the by-laws of the board of education requiring such an appointee to hold a first assistant teacher's license, the failure to hold or obtain such a license rendered an appointment invalid. I regard that case as disposing of plaintiff's contention that she was appointed a "vice principal."

[2] Plaintiff's designation on September 8, 1898, "as acting head of department" was equally ineffectual to entitle her to the pay of a regular head of department. Such designation was merely temporary in character. Hazen v. Board of Education, 127 App. Div. 235, 111 N. Y. Supp. 337; Hoefling v. Same, 120 App. Div. 545, 104 N. Y. Supp. 941. In the absence of a valid appointment to such position, plaintiff can claim neither the rank nor the salary incident thereto. Thompson v. Board of Education, 136 App. Div. 721, 723, 121 N. Y. Supp. 491.

Judgment for defendant, with costs.