In the Matter of the Application of RENA ROCKWELL, Petitioner, for an Order of Mandamus against THE BOARD OF EDUCATION OF THE CITY OF ELMIRA, N. Y., Respondent.

Supreme Court, Chemung County, June 8, 1925.

Schools — salaries of teachers — peremptory order of mandamus to compel board of education of city of Elmira to increase petitioner's salary for year 1924–1925 to level paid male teacher in same department pursuant to Education Law, § 569 (as added by Laws of 1924, chap. 614) — said statute applies to prior contracts — acceptance of lesser amount by petitioner as salary not waiver of right to additional compensation — fact that allowance of additional salary would jeopardize budget of city of Elmira raises no defense to petitioner's claim — mandamus is proper remedy where avoidance of multiplicity of suits is effected — petitioner entitled to increase.

Section 569 of the Education Law (as added by Laws of 1924, chap. 614), effective September 1, 1924, and providing that after the taking effect of said statute " there shall be no discrimination in the determination of the amount to be paid or the payments to be made to persons employed as teachers    *    *    *," applies to contracts of employment between the board of education of the city of Elmira and its teachers executed prior to September 1, 1924.

Accordingly, the petitioner, a teacher in the history department of the public schools of the city of Elmira, is entitled to a peremptory order of mandamus compelling the board of education of the city to increase her salary for the school year 1924–1925 to the level paid a male teacher teaching the same subjects and performing substantially the same duties in the same school though the said board brought about the execution of a salary contract on May 13, 1924, at a figure less than she was entitled to receive by virtue of section 569 of the Education Law.

The fact that the petitioner accepted payments based upon the rate of $100 less than the amount paid to the said male teacher, after refusal of her demand

that her pay be made equal to that of the said male teacher, was not a waiver of her right to additional salary, since the board of education, having paid the male teacher $100 per annum in excess of the amount paid to petitioner, she thereby became entitled to the same compensation pursuant to section 569 of the Education Law. Her acceptance of the lesser amount furnished no consideration for any release of the amount lawfully due her.

The fact that the allowance of the additional salary to the petitioner will upset the budget of the city of Elmira raises no defense to the action of the Legislature, particularly since the statute provides a method for financing such obligations.

While the petitioner had a remedy at law to recover the increase of salary in question, mandamus was the proper remedy under the circumstances, since it effects an avoidance of a multiplicity of suits by requiring the board of education to adjust her salary for the school year.

APPLICATION for a peremptory order of mandamus.

*David N. Heller,* for the petitioner.

*John J. Crowley, Corporation Counsel,* for the respondent.

RHODES, J.:

Upon an agreed state of facts the petitioner seeks a peremptory order of mandamus compelling the board of education of the city of Elmira, N. Y., to increase her salary for the school year 1924–1925 the sum of $100, and to order the same paid by said board of education, and for such other or further relief as may be just and proper.

She has served her probationary term as a teacher in the public schools of Elmira, and on the 20th day of September, 1920, was given permanent employment by the said board of education. Since said appointment she has continued as such teacher at the head of the history department of the Elmira Free Academy. On May 13, 1924, the board of education delivered to her a written notice fixing her salary for the school year 1924–1925 at $2,000. In the same department as petitioner is a male teacher, Mr. Ralph S. Austin, petitioner being the head of the department, but she and Austin teaching the same subjects and performing substantially the same duties. Austin's salary has been fixed in the sum of $2,100 for the school year 1924–1925. No other reason for the discrimination appears other than the sex of the parties, and it seems apparent that this is the reason for the discrimination.

In 1924 the Legislature of the State of New York added to the Education Law section 569 (Laws of 1924, chap. 614), which took effect September 1, 1924, and which provides: "On and after the taking effect of this act there shall be no discrimination in the determination of the amount to be paid or the payments to be made to persons employed as teachers in the public schools in any city, union free or common school district in this State based on sex. All contracts hereafter made for the employment of public school

teachers and all schedules of salaries and salary increments adopted by boards of education, as provided in this chapter, shall not discriminate between the salaries and salary increments of public school teachers to be paid under such contracts and schedules because of the sex of said public school teachers, notwithstanding the provisions of any general or special act inconsistent herewith."

The respondent claims that the act is not applicable to the contract of employment between the board of education and petitioner, because of the fact that such contract having been entered into prior to the taking effect of the statute is a binding contract with which the Legislature has no authority to interfere. It is to be borne in mind that education is a public and governmental activity. The Constitution provides that the Legislature shall provide for the maintenance and support of a system of free common schools. It was held in *Buckbee* v. *Board of Education* (115 App. Div. 366; affd., 187 N. Y. 544) that a board of education is not a private contractor but a governmental agency, and its power to contract with teachers is governed by law and into such contract must be read provisions of the law, and that the board of education of the city of New York has the power to reduce the salary of a public school teacher. If the board of education, the governmental agency representing the State, has authority to reduce a teacher's salary, manifestly the Legislature, speaking for the sovereign power, has authority to increase the payments to be made in behalf of that sovereignty. (See, also, *Moore* v. *Board of Education*, 121 App. Div. 862; affd., 195 N. Y. 601, 614; *Thomson* v. *Board of Education*, 201 id. 457.) The Legislature, therefore, having the power to change the compensation of petitioner, it remains to be determined whether or not the statute in question is applicable. The respondent claims that the act was not intended to apply to contracts already made, but that it only relates to contracts to be made after September 1, 1924, the date of the taking effect of the act. An examination of the section indicates to the contrary. It provides that after the taking effect of the act " there shall be no discrimination in the determination of the amount to be paid *or the payments to be made to persons employed as teachers * * *.*" In other words, after September 1, 1924, there shall be no discrimination of sex in the payments to be made to teachers.

Respondent further contends that petitioner has waived her right to the additional compensation by accepting, under contract of employment, payments based upon the rate of $2,000 per year. It appears that after September 1, 1924, petitioner demanded of the board of education that her pay be made equal to that of Austin; that upon presentation by petitioner of her bills for salary since

September 1, 1924, she placed upon said bills the following words: " Subject to adjustment to chapter 614 of the Laws of 1924 " (that being the act in question). Regardless of her notation upon bills rendered by her, she has not waived her right to additional salary. The board having paid to a male teacher an amount of $100 per annum in excess of the amount paid to her, she thereby and thereupon became entitled to the same compensation therefrom and until the male teacher's salary is reduced or hers is adjusted to equal his. The initial amount being legally due and payable to her, she is entitled to receive the same unless she has released her claim thereto for a sufficient consideration. Her acceptance of a lesser amount furnishes no consideration for any release of the amount lawfully and legally due and payable to her. (See, also, *Loewy* v. *Board of Education,* 59 Misc. 70; *Moore* v. *Board of Education, supra.*)

Respondent also raises the objection that the allowance of the additional salary to the petitioner will upset the budget of the city. This is undoubtedly true and produces a financial situation obviously embarrassing to the city. This, however, raises no defense to the mandate of the Legislature. Furthermore, the law provides a method for the financing of such obligations and claims required to be paid by the city.

Lastly, the respondent insists that mandamus is not the proper remedy; that the petitioner has an adequate remedy at law. The remedy at law would only permit the petitioner to sue to recover salary in question until the date of the suit and then she would be required to bring another action later on when additional salary had accrued. By mandamus a multiplicity of suits may be avoided by requiring the board to adjust her salary so that there will be no discrimination. This relief would not be afforded by an action at law.

The petitioner should, therefore, be granted a peremptory order of mandamus requiring the board of education to pay to her an amount equal to the amount paid to the male teacher, Austin, performing the same work, and as to whom she has been discriminated against on account of sex, from and after the 1st of September, 1924, until such time as such discrimination is removed by the payment to her of a salary equal to that paid to Austin, and providing for readjustment of petitioner's salary so as to make it equal to the salary of said Ralph S. Austin for such school year. Costs should be awarded to the petitioner in the sum of fifty dollars in addition to disbursements.