(108 App. Div. 21.)

## TAYLOR v. BARKER.

(Supreme Court, Appellate Division, Second Department. October 20, 1905.)

EXEMPTIONS—EXCEPTION—CLAIM FOR MEDICAL SERVICES.

Code Civ. Proc. § 1391, in relation to exemptions, provides that, where a judgment has been recovered wholly for necessaries, or work performed as a domestic, or for services rendered for a salary, and an execution has been returned unsatisfied, and any wages, etc., are due and owing to the judgment debtor, the judgment creditor may have an execution against the wages, etc. *Held*, that a claim for services rendered by a surgeon to defendant's wife is not within the statute. •

[Ed. Note.—For cases in point, see vol. 23, Cent. Dig. Exemptions, § 95.]

Appeal from Special Term.

Action. by William E. Taylor against William H. Barker. Appeal by plaintiff from an order vacating an order under the provisions of Code Civ. Proc. § 1391. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

F. Delysle Smith, for appellant.

WOODWARD, J. The plaintiff, as the assignee of a claim of George R. Fowler, a surgeon, attempts to bring himself within the provisions of section 1391 of the Code of Civil Procedure, as finally amended by chapter 175, p. 370, of the Laws of 1905, and this appeal is from an order of the court vacating a previous order in which the plaintiff had been granted the relief asked for as against the defendant. The practical question presented by this appeal is whether the plaintiff, whose claim is based on personal services rendered by a surgeon to the defendant's wife, is entitled to an execution against the wages or income of the defendant under the provisions of section 1391 of the Code of Civil Procedure, and we are clearly of the opinion that this question must be answered in the negative. The plaintiff claims, and he has supported his claim by a long line of authorities, that the words of the statute, "where a judgment has been recovered wholly for necessaries sold," is broad enough to cover the professional services of a surgeon rendered at the request of the defendant; but the difficulty is that, if it be conceded that these words might, under certain circumstances, cover the case at bar, such construction is made impossible by that higher rule of statutory interpretation which commands us to read the entire statute, and to give force and effect to the legislative intent. The language of the act, in so far as it is necessary to the determination of the question here presented, is that "where a judgment has been recovered wholly for necessaries sold, or work performed in a family as a domestic, or for services rendered for salary owing to an employé of the judgment debtor, and where an execution issued upon said judgment has been returned wholly or partly unsatisfied, and where any wages," etc., "are due and owing to the judgment debtor," the court may afford the relief provided in the statute. Whatever might be spelled out of the words "necessaries sold" under

other circumstances, it must be entirely plain that the Legislature by using the words "or for work performed in a family as a domestic," etc., intended to limit the scope of the statute to goods and chattels of the kind known as "necessaries" and to the special kinds of service mentioned in the act. The rule is as old as the common law that the express mention of one thing implies the exclusion of another (Broom's Legal Maxims [4th Ed.] 414; Aultman & Taylor Co. v. Syme, 163 N. Y. 54, 57, 57 N. E. 168, 79 Am. St. Rep. 565), and it cannot be doubted that this rule should be applied in the present case in arriving at the legislative intent.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.

Argued before WOODWARD, JENKS, RICH, and MILLER, JJ.