Where a will gives property to one for life, with remainder over, the life tenant is entitled to the possession of the property on giving a bond satisfactory to the remainderman for his proper conduct.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Life Estates, § 18; vol. 22, Executors and Administrators, § 1217.]

2. EXECUTORS—COMMISSIONS.

Where a will gave property to one for life, with remainder over, the executors were entitled to their commissions on the property, whether the same was reduced to cash or not.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, § 2102.]

In the matter of the judicial settlement of the estate of Emmagene Fleming, deceased. Decree ordered.

Co'eman E. Kissam, for petitioner.
William R. Barricklo, for Clapp and others.

CHURCH, S. By the second codicil of the will in question a life interest in the property mentioned was given directly to the husband, subject to the payment of an annuity to the sister of the deceased. The trust scheme of the will was therefore set aside, and consequently the life tenant is entitled to the immediate possession of such property. This should not be done, however, until a bond satisfactory to the remainderman is given for the proper conduct of the life tenant.

Under these circumstances, it also follows that the executors are also entitled to their commissions, irrespective of whether the property is reduced to cash or not. These commissions should be divided equally between them, and there is no reason shown why the costs of the proceeding should be charged against Fleming personally. An allowance will be made to the accounting executor only; $25 costs and $50 for the per diem compensation provided for by the Code.

As neither decree corresponds with my decision, parties must submit an amended decree in conformity with same.

### BEARD v. COVILL.

(Steuben County Court. January 5, 1907.)

EXEMPTIONS—CLAIMS FOR NECESSARIES—RENT.

A claim for rent is not one for "necessaries," within the meaning of Code Civ. Proc. § 1391, as amended by Laws 1905, p. 370, c. 175, providing that where a judgment has been recovered wholly for necessaries sold, and execution thereon has been returned unsatisfied, and no prop-

erty can be found, the creditor may in certain cases have an execution against the wages of the debtor.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 23, Exemptions, § 92.]

Action by Charles E. Beard against Miles Covill. Motion on order to show cause why an execution issued on a judgment for plaintiff for necessaries should not be set aside. Order setting execution aside.

Floyd E. Whiteman, for plaintiff.

Francis M. Cameron, for defendant

BURRELL, J. The facts disclosed by the moving papers show that the plaintiff recovered a judgment in justice's court, on October 12, 1906, against the defendant for rent of premises known as "57 East Main Street," Hornell, N. Y.; that an execution was duly issued thereon against property of the defendant and returned wholly unsatisfied; that thereafter, and on the 8th day of December, 1906, the plaintiff filed an affidavit with the justice who rendered the judgment, setting forth therein the rendition and entry of said judgment, and the issue and return unsatisfied of said execution, and that there was then no execution outstanding upon said judgment, and that said judgment was recovered wholly for necessaries sold, and that defendant's wages exceeded $12 per week, etc., under section 1391 of the Code, as amended by Laws 1905, p. 370, c. 175. Upon said affidavit the justice issued an execution upon said judgment, under said section 1391, against the wages, salary, and income of the defendant, who was an employé of the Erie Railroad Company, and the wages of the defendant were then and there attached and subject to the lien thereof of 10 per centum thereof.

It was urged on the argument of this motion, and undisputed, that the judgment herein was actually and wholly recovered for rent of said premises. The evidence taken before the justice on the trial is not before me, as there was no appeal from the judgment, and the question is presented whether the plaintiff, whose claim is for rent, is entitled to an execution against the wages of the defendant for "necessaries sold"; or, in other words, is the wording of section 1391 of the Code of Civil Procedure, as follows: "Where a judgment has been recovered wholly for necessaries sold," etc., broad enough to cover rent, even though we assume it to be of the house in which the defendant resides with his family, for whom he provides, and there is no evidence before me whether this rent was for rent of house, barn, store, or other building. I think a careful reading of the section as a whole shows clearly that it was the intent of the Legislature to limit the application of the section to articles of the kind usually known as "necessaries" sold and delivered and to the special kind of service mentioned in the section. I do not think it can be said that rent, in the ordinary acceptation of the term, comes under said provision as an article sold.

In Taylor v. Barker, 108 App. Div. 21, 95 N. Y. Supp. 474, it was held that a claim for services rendered by a surgeon to defendant's wife is not within the statute, and the court said:

"Whatever might be spelled out of the words 'necessaries sold' under other circumstances, it must be entirely plain that the Legislature, by using the words, 'or for work performed in a family as a domestic,' etc., intended to limit the scope of the statute to goods and chattels of the kind known as 'necessaries' and to the special kinds of service mentioned in the act. The rule is as old as the common law that the express mention of one thing implies the exclusion of another (Broom's Legal Maxims [4th Ed.] 414); and it cannot be doubted that this rule should be applied in the present case in arriving at the Legislature's intent."

If the services of a physician rendered in the family, and which might be of the utmost importance, even to the saving of life, are held to be outside the scope of this section, it is difficult to see how rent could be held to be one of the "necessaries sold" under the section. A man may be liable for the payment of rent, even though he does not reside on the premises with his family. Premises, in the general acceptation of the term, are let, and not sold, to a tenant by a landlord. I think, if the Legislature had intended to cover such a case as this, it would have manifested its intention either expressly or by necessary implication. It mentions one particular class of necessaries to the exclusion of all others.

The execution should be set aside, but without costs. Ordered accordingly.