KATE HAGAN, as Administratrix, etc., Appellant, *v*. THE CITY
OF BROOKLYN, Respondent.

A municipal officer unlawfully removed from office, to which another per-
son has been appointed, and who has not by certiorari, or otherwise,
obtained a reversal of the order of removal or a reinstatement, but who
has acquiesced in such removal, cannot recover from the corporation
the compensation incident to the office accruing after his removal and
during the period in which he performed no service. The question as
to the title to the office cannot be tried in an action to recover the salary.

(Submitted March 10, 1891; decided April 14, 1891.)

APPEAL from judgment of the General Term of the City
Court of Brooklyn, entered upon an order made May 27, 1889,
which affirmed a judgment dismissing plaintiff's complaint on
trial.    This action was brought to recover the salary attached
to the office of fireman in the fire department of the city of
Brooklyn.

The following is the *mem.* of opinion :

" We think that, under the authorities, this action cannot
be supported.    The rule deducible from an examination of the
various cases on the subject in this state is to the effect that a

public officer, unlawfully removed from office to which another person is appointed, and who acquiesces in such removal and has not, by certiorari or otherwise, obtained a reversal of the order removing him, or a reinstatement in the vacated term by the board having authority to make it, cannot recover from the corporation the compensation incident to the office, accruing during the period in which he performed no service. (*Nichols* v. *MacLean*, 101 N. Y. 526; *McVeany* v. *Mayor, etc.*, 80 id. 190; *Dolan* v. *Mayor, etc.*, 68 id. 274; *Fitzsimmons* v. *City of Brooklyn*, 102 id. 536.)

"In an action to recover the salary of a public office, the title to the office necessarily comes in question, and that question cannot be tried in such action. (*Hadley* v. *City of Albany*, 33 N. Y. 606.)

"These propositions necessarily lead to an affirmance of the judgment of the court below."

*Edward F. O'Dwyer* for appellant.

*Almet F. Jenks* for respondent.

*Per Curiam* opinion for affirmance.
All concur.
Judgment affirmed.