OLOF THOMSON, Appellant, *v.* THE BOARD OF EDUCATION OF
   THE CITY OF NEW YORK, Respondent.

New York (City of) — public school teachers — a teacher trans-
   ferred from a higher to a lower grade of employment cannot
   recover the salary of the higher grade — the remedy is a proceed-
   ing for re-instatement to the position in the higher grade.

A teacher in the public schools in the city of New York who was, as is
   alleged, wrongfully prevented from performing the duties and receiv-
   ing the salary incident to a position to which she was lawfully entitled,.
   and from which she was unlawfully transferred to a position of lower
   grade and lesser salary, is not entitled to recover for the salary of the
   higher grade during such period. In such case the person claiming to
   have been injured by the removal must seek re-instatement in a direct
   proceeding brought for that purpose, and the question cannot be tried
   in an action for salary.

Chapter 751 of the Laws of 1900, known as the Davis Law, which directs
   (§ 4) that "no female assistant to the principal in said schools shall
   receive less than sixteen hundred dollars per annum after ten years of
   service," must be held to apply only to those persons who have been
   regularly appointed to the position of female assistant to the principal.
   (*Hoefling* v. *Bd. of Education*, 120 App. Div. 545; *Hazen* v. *Bd. of Edu-
   cation*, 127 App. Div. 235, and *Dildine* v. *Bd. of Education*, 133 App.
   Div. 261, approved.)

A teacher who continued to perform the duties of general assistant after
   such office was abolished and the position of assistant to the principal
   was created, not having been appointed to the latter position, and it not
   appearing that the duties of the two positions were the same, cannot
   recover the salary attached to the position of assistant to the principal.
   (*Johnson* v. *Bd. of Education of the City of New York*, 191 N. Y. 506,
   overruled.)

*Thomson* v. *Board of Education*, 136 App. Div. 721, affirmed.

(Argued February 21, 1911; decided April 25, 1911.)

APPEAL, by permission, from a judgment of the Appellate
Division of the Supreme Court in the second judicial depart-
ment, entered April 8, 1910, affirming a judgment in favor of
defendant entered upon a dismissal of the complaint by the
court at a Trial Term without a jury.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Albert C. Aubery* and *Thomas F. Murtha* for appellant. The by-law of the defendant passed July 14, 1897, was invalid so far as attempting to deprive the plaintiff's assignor of the position to which she had been duly appointed and which she was then occupying. (L. 1897, ch. 378; *People ex rel. Callahan* v. *Bd. of Education,* 174 N. Y. 169; *Matter of Cusack* v. *Bd. of Education,* 174 N. Y. 136; *People ex rel. Savings Bank* v. *Butler,* 147 N. Y. 164; *Davis* v. *Gray,* 16 Wall. 203; *Hull* v. *Wisconsin,* 103 U. S. 5; *McCann* v. *City of New York,* 52 App. Div. 358; 166 N. Y. 587; 1 Lewis' Suther. on Stat. Const. [2d ed.] §§ 181, 480; *Matter of Gleese,* 18 J. & S. 473; *People ex rel. Murphy* v. *Bd. of Education,* 177 N. Y. 494; *Stimson* v. *Bd. of Education,* 165 N. Y. 431.) One of the school staff holding the position of general assistant, to which she had been duly and regularly appointed before the by-law of July 14, 1897, was passed and who continued to do the same duty thereafter as before, need not be formally appointed to the position of assistant to principal by reason of that by-law to obtain the salary thereof. (*Johnson* v. *Bd. of Education,* 119 App. Div. 874; 191 N. Y. 506.)

*Archibald R. Watson, Corporation Counsel* (*Terence Farley* and *Theodore Connoly* of counsel), for respondent. The Greater New York charter (L. 1897, ch. 378) was not in force on the 14th day of July, 1897, the time when the by-law was passed by the board of education abolishing the position of general assistant. (L. 1897, ch. 378, §§ 1611, 1613, 1614; *County of Queens* v. *City of New York,* 48 App. Div. 337.) Prior to the time when the Greater New York charter took effect the board of education possessed the power to arbitrarily remove a teacher. (*People ex rel. Callahan* v. *Bd. of Education,* 174 N. Y. 169; *Matter of Cusack* v. *Bd. of Education,* 174 N. Y. 136; *Buckbee* v. *Bd. of Education,* 115 App. Div. 366; 187 N. Y. 544.) The legal status of Sara F. Pettit in the board of education, whatever it was, on the 14th day of July, 1897, continued the same after that date, because

it is expressly admitted that she was, at no time thereafter, selected and assigned to duty as an assistant to principal, pursuant to the resolution of that date. (*Hoefling* v. *Bd. of Education*, 120 App. Div. 545; *Hazen* v. *Bd. of Education*, 127 App. Div. 235; *Dildine* v. *Bd. of Education*, 133 App. Div. 261; *Wood* v. *Bd. of Education*, 59 Misc. Rep. 605; *People ex rel. Hannan* v. *Bd. of Health*, 153 N. Y. 513; *Matter of O'Sullivan*, 54 App. Div. 374; 166 N. Y. 596; Throop on Public Officers, §§ 473–475.) Plaintiff is not entitled to have adjudicated in this action to recover salary the question of the right of Sara F. Pettit to the position of an assistant to principal. (*Hagan* v. *City of Brooklyn*, 126 N. Y. 643; *Walters* v. *City of New York*, 119 App. Div. 464; 190 N. Y. 375.)

WERNER, J. Sara F. Pettit, a teacher in the public schools of the city of New York during the period between June 1st, 1900, and November 1st, 1906, presented a claim for salary for that period in excess of the salary actually paid to her. The claim was rejected, and thereupon she assigned it to the plaintiff, who thereafter brought this action. The trial, which was had before the court without a jury, resulted in a decision dismissing the complaint upon the merits. The judgment entered upon that decision was unanimously affirmed at the Appellate Division, except as to two findings of fact to which we shall advert further on. The plaintiff has availed himself of permission to appeal to this court and the case is now before us for review.

On or about the 1st day of January, 1881, the plaintiff's assignor was appointed assistant teacher in one of the schools of New York under a temporary license which had previously been duly issued to her. This was followed by a permanent license in March, 1883, under which she served as assistant teacher until November 5th, 1890, when she was appointed a regular grammar school teacher pursuant to a superintendent's certificate stating that she had been examined and found qualified. In February, 1892, she was appointed to the position of

general assistant in School No. 68, where she was then employed as a teacher. She continued to serve as general assistant until July 14th, 1897, when that position was abolished by the by-laws of the board of education which were adopted pursuant to authority derived from the legislature. When the position of general assistant was abolished as stated, there was created another position known as "Assistant to Principal." The complaint alleges that the duties and requirements of these two positions were of the same general nature and character, and that the plaintiff's assignor continued in the performance of the same or similar duties until November 1st, 1901, when she was directed by the principal of School No. 68 to take charge as teacher of a class in said school designated as class 6 B in the female department, and since that time she has been performing the duties appertaining to teachers of that grade. These facts, taken from the complaint and the stipulation of counsel, indicate that as to the greater part of plaintiff's claim this action is sought to be maintained, not upon the theory that the plaintiff's assignor did in fact perform service of a higher grade than that for which she has been paid, but upon the assertion that, from November, 1901, to November, 1906, she was wrongfully prevented from performing the duties and receiving the salary incident to a position to which she was lawfully entitled, and from which she was unlawfully transferred to a position of lower grade and lesser salary. If that is the correct view of this case, the plaintiff is clearly not entitled to recover for that period. Although the plaintiff's assignor was not a municipal officer within the generally accepted definition of that title, she was a municipal employee whose rights and duties were analogous to those of a public officer. Under the authorities, a municipal officer who has been unlawfully removed from his position and has acquiesced in the removal, cannot recover the salary incident thereto during the period in which he has performed no service. In such a case the person claiming to have been injured by the removal must seek re-instatement in a direct proceeding

brought for that purpose, and the question cannot be tried in an action for salary. (*Hagan* v. *City of Brooklyn*, 126 N. Y. 643, and cases there cited.) As we read this record there is neither allegation nor proof that between November, 1901, and 1906, the plaintiff's assignor performed a single act or service incident to the position of general assistant or assistant to principal, and the necessary implications of the complaint are all to the contrary, for it is alleged that in November, 1901, "she was ordered and directed by the principal of said grammar school No. 68 to take charge as teacher and to teach class 6 B in the Female Department of said school, * * * and that such transfer was contrary to and violative of sections 1114 and 1117 of * * * the Greater New York Charter." The only inference to be drawn from the record is that she acquiesced in the change of duty assigned to her and accepted without objection the salary fixed for the place which she filled.

This view of the case disposes of the greater part of plaintiff's claim, but it still leaves for our consideration that portion which covers the period between June, 1900, and November, 1901. That is the period between the time when chapter 751 of the Laws of 1900, known as the Davis Law, took effect, and the date when the plaintiff's assignor was ordered and directed to teach a class. The Davis Law, it is to be observed, provides that no "female assistant to principal in said school shall receive less than $1,600 per annum after ten years of service," and the question which we are now considering is whether the plaintiff's assignor was entitled to salary at that rate from the time when the Davis Law went into effect until November 1st, 1901. The allegation of the complaint is that she "continued in the performance and discharge of her said duties as assistant to principal of said Female Department of grammar school known as No. 68 until on or about November 1st, 1901." It will be noticed that the part of the plaintiff's claim which covers this period rests upon an allegation of service actually performed as distinguished from the asserted right to perform the higher service and to draw the increased salary. But the allegation is not supported by proof. The

claim seems rather to be predicated upon the fact that from 1897, when the position of general assistant was abolished and the position of assistant to principal was created, the plaintiff's assignor continued to perform the duties of general assistant until November, 1901, when she was assigned to the work of teaching a class. This, indeed, seems to have been the theory upon which the case was tried as to the whole of the plaintiff's claim. We will, therefore, consider the case as though the plaintiff's assignor had performed the duties of general assistant during the whole of the period for which the plaintiff seeks to recover, for the purpose of ascertaining whether, even upon that theory, the plaintiff was entitled to judgment. The findings are that in 1892 the plaintiff's assignor was appointed general assistant in Public School No. 68; that this position was abolished in 1897; that under the by-laws of the board of education, adopted in 1897, the position of assistant to principal was created; that under said by-laws "assistants to principals shall be selected and assigned to duty by the principal, but subject to the approval of the City Superintendent;" that plaintiff's assignor was not at any time after the adoption of the said by-laws appointed assistant to principal in Public School No. 68; that plaintiff's assignor, after the creation of the position of assistant to principal, and down to November, 1901, when she was ordered to teach a class, continued to perform the duties which she had performed as general assistant. In these findings there is no suggestion that the duties of general assistant were the same as those of assistant to principal, and if we should stop here it is evident that the plaintiff, upon his own showing, has failed to make out a case; but in this connection our attention is directed to the thirteenth and fourteenth requests of the plaintiff which were marked found by the trial court. These findings are to the effect that the plaintiff's assignor continued in the performance and discharge of the duties of assistant to principal, etc., until on or about November 1st, 1901, when she was ordered to take charge of a class; that no charges of misconduct were ever preferred against her, and

that her transfer from the position of assistant to principal to the lower position of class teacher was made without cause, etc. It is to be noted, however, that the material parts of these two findings are not embraced in the unanimous affirmance, but are expressly excepted from it by the amended order of affirmance entered at the Appellate Division. As to the purpose of this amended order there can be no mistake. Since the learned justice had made the direct or main finding that the plaintiff's assignor had never been appointed to the position of assistant to principal and had performed no other duties than those of general assistant, his granting of the requested findings was plainly inadvertent in so far as they carried the implication that the plaintiff's assignor had either been appointed to the position of assistant to principal or had ever performed any of the duties of that position. These requested findings having been disaffirmed, or at least not affirmed, we may go to the record to see if they have the support of any evidence, and upon this point we are left in no doubt. The stipulation of counsel is to the effect that the plaintiff's assignor was not appointed assistant to principal as required by law, and that until November, 1901, she performed the duties enumerated in the twelfth paragraph of the complaint. There is no evidence that the duties thus enumerated are the same as those of an assistant to principal, and, therefore, the thirteenth and fourteenth findings, made at the plaintiff's request, are without the support of evidence in so far as they indicate that the plaintiff's assignor ever performed any of the duties of assistant to principal or that she was ever transferred from that position to a lower one. Upon the record before us, therefore, the decisions of the courts below were plainly right, and we should end the discussion here but for the fact that the case is one of a class as to which there has been some confusion in the decisions. In 1908 we affirmed without opinion the case of *Johnson* v. *Board of Education of the City of New York* (191 N. Y. 506), which came up from the second department on a unanimous affirmance, without opinion, of a judgment entered upon a verdict

directed in favor of the plaintiff at Trial Term. The only essential difference between that case and the case at bar is that in the former there was some evidence which would have supported a finding that the plaintiff, who had originally been appointed a general assistant, had in fact after 1897 performed the duties of an assistant to principal with the knowledge and acquiescence of the superintendent, although she had never been formally appointed to the position. That seems to have been the hypothesis upon which the judgment in that case was affirmed. A further consideration of the somewhat complicated charter provisions applicable to these cases has convinced us that our decision in the *Johnson* case was wrong and should not be followed.

The position of general assistant was abolished on or about July 14th, 1897. That was accomplished by means of a by-law which (under L. 1896, chap. 387, sec. 11) the board of education had power to adopt. As the law then stood the board had the right to abolish positions and to remove any or all teachers. (*People ex rel. Callahan* v. *Bd. of Education*, 174 N. Y. 169, 173.) Although the Greater New York charter (L. 1897, chap. 378) had become a law on May 4th, 1897, it did not go into effect until January 1st, 1898 (Sec. 1611), and to guard against the complications which were sure to arise from the changes effected by it and to prevent an interregnum it was expressly provided that until the new charter should go into effect, all existing statutes should remain in force. (Secs. 1613, 1614.) The passage of the by-law of July, 1897, was, therefore, a valid exercise of power, and its effect was to abolish the position of general assistant and to create a new position to be known as assistant to principal. The same by-law which abolished the old position of general assistant and created the new position of assistant to principal also directed the manner in which appointments to the new position should be made. It provided that "assistants to principals shall be selected and assigned to duty by the principal, but subject to the approval of the City Superintendent." That was the situation to which the saving clauses

of sections 1117, 1613 and 1614 of the new charter were applicable. Section 1117 provided that "all principals, teachers and other members of the educational staff in the public school system of any part of the City of New York as constituted by this act, shall continue to hold their respective positions and to be entitled to such compensation as is now provided or may hereafter be provided by the various school boards, subject to the limitations of this act, and to re-assignment or to removal for cause, as may be provided by law." One of the limitations of the act was that it should not go into effect until January, 1898, and some light is thrown upon the meaning of the saving clause in section 1117 by the language of section 1613, which declares that " all officers in office *when this act takes effect* shall remain in office until their successors are respectively elected and appointed and shall have qualified under the provisions of this act." Thus it is evident that when the Greater New York charter went into effect there was no longer such a position as general assistant, and that appointments to the newly-created position of assistant to principal were required to be made in the manner specified in the by-laws of July 14th, 1897. The plaintiff's assignor was never appointed as an assistant to principal. Neither was the plaintiff in the *Johnson* case. Under these conditions it is clear that the provisions of the Davis Law had no application to either case. That law directs, as we have seen, that no "female assistant to the principal in said schools shall receive less than $1,600 per annum after ten years of service," (section 4), and it must be held to apply only to those persons who have been regularly appointed to the position of female assistant to principal. That was the conclusion adopted by the courts below in the case at bar upon the authority of *Hoefling* v. *Bd. of Education* (120 App. Div. 545); *Hazen* v. *Bd. of Education* (127 App. Div. 235, 238) and *Dildine* v. *Bd. of Education* (133 App. Div. 261, 264). The substance of the rule as laid down in those cases is that the right to a position or office is what determines the right to the salary incident thereto, and that a person who regularly

30

holds a place in one grade and performs the duties of a higher grade to which he has not been regularly appointed, does not thereby become entitled to the salary of the higher grade. We approve of that statement of the rule and concur in the conclusion reached in the case at bar.

The judgment of the Appellate Division, affirming the judgment entered upon the decision at Special Term, should be affirmed, with costs.

CULLEN, Ch. J., GRAY, VANN, WILLARD BARTLETT and CHASE, JJ., concur ; HAIGHT, J., absent.

Judgment affirmed.