CITY OF VAN BUREN v. MATLOCK.

4-7615                                        186 S. W. 2d 936

Opinion delivered April 16, 1945.

*R. S. Wilson,* for appellant.

*Howell & Howell,* for appellee.

ROBINS, J. Appellant, City of Van Buren, by this appeal, asks us to reverse summary judgment against it, rendered by the lower court, in favor of appellee for $2,404.86, being the amount found to be due to him as salary during the time he was suspended from duty as chief of police as a result of an order of the Civil Service Commission of Van Buren.

The controversy growing out of this order has twice been considered by us. On the first appeal (*Civil Service Commission of Van Buren* v. *Matlock,* 205 Ark. 286, 168 S. W. 2d 424) we reversed the judgment of the circuit court setting aside an order of the Civil Service Commission by which appellee was demoted from chief of police to patrolman, and remanded the cause for a new trial. On second trial the circuit court again ordered the reinstatement of appellee, and this judgment was affirmed by us (*Civil Service Commission of Van Buren* v. *Matlock,* 206 Ark. 1145, 178 S. W. 2d 662).

Shortly after our last judgment was entered appel-lee filed in the lower court petition for summary judg-ment in the sum of $2,483.91 against appellant, alleging that he was entitled to this sum for salary "at the rate of $105 per month from June 22, to December 1, 1942, aggregating $551.25 and at the rate of $115 per month from December 1, 1942, to December 31, 1943, aggregat-ing $1,495 and at the rate of $130 per month from Janu-ary 1, 1944, to April 11, 1944, aggregating $137.66."

In its response appellant set up these defenses, which are considered by us in the order stated: (I) That when appellee resumed his position as chief of police after the matter had been finally determined by the courts this amounted to an "accord and satisfaction" of appellee's claim for back salary; (II) that appellee, in the proceeding involving his appeal from the com-mission's order, should have asked judgment for salary claimed by him, and that, since he did not do so, his claim must be treated as having been adjudicated in that proceeding and consequently barred; (III) that in any event appellant would only be liable for $415, salary as chief of police for one month, and the difference be-tween the salary of chief of police and that of patrol-man during the remainder of the period appellee was out of office; (IV) that no judgment could be recovered by appellee for liability on salary accruing during the years 1942 and 1943 because the city revenues of both of these years had been exceeded by expenditures and the provisions of Amendment No. 10 to the Constitution of Arkansas (forbidding cities and counties to spend in any year more than the amount of their revenue for such year) precluded further payments on claims arising during those years. The cause was tried in the lower court on an agreed statement of facts.

I.

There was nothing in the action of appellee in re-suming his duties, after it was finally adjudged that his demotion was improper, that amounted to an "accord and satisfaction." He had a right to go back to work as

chief of police, and he did so, not under any sort of agreement, express or implied, with appellant, but as a result of having successfully contested in court the order of the Civil Service Commission. By doing this he did not waive his right, given to him by statute, to seek to recover the amount of the city's liability to him accruing from the erroneous decision of the commission.

## II.

One answer to appellant's contention that appellee should have, when he first challenged the order of the Civil Service Commission, sought the judgment here appealed from, is that he could not have known at that time what amount he was entitled to receive, because necessarily the amount due him from appellant depended on the length of time he might be excluded from his position. Furthermore, appellee's petition for summary judgment is a purely statutory proceeding, and the statute does not authorize its institution until after the appeal from the commission's order has been finally determined. Civil Service regulations pertaining to municipal employees are authorized by §§ 9945 to 9965, inclusive, of Pope's Digest of the laws of Arkansas. By § 9949 it is provided: "In the event that it is finally determined that there was a wrongful suspension, reduction in rank or discharge of any member of the police or fire department, such employee shall in such case be entitled to summary judgment against the city for full pay for the time he lost by reason of his suspension or discharge or for the difference in salary or loss he shall have sustained by reason of any reduction in rank." Appellee may not be defeated because he complied with the express provisions of the statute creating the liability which he seeks to enforce.

## III.

Appellee was demoted on June 19, 1942, by order of the Civil Service Commission, from the position of chief of police (at a salary of $105 per month) to the position of patrolman (at a salary of $90 per month). On June

22, 1942, he took an appeal from the order demoting him, and on the same day the Civil Service Commission notified him that he was suspended entirely, pending the appeal. Appellee did not appeal from or challenge in any way this action of the Civil Service Commission in suspending him. Assuming that the order of the commission, made without any notice or hearing, suspending him from service, after he appealed from the commission's first order, was erroneous, appellee should have appealed from the order suspending him, and, not having done so, it must be held that he acquiesced in this last order of the commission. "The officer wrongfully suspended or discharged may by words or conduct acquiesce in such action, and thus deprive himself of the right to recover the salary or compensation of the office, this on the ground of the doctrine of waiver and estoppel. . . ." McQuillin Municipal Corporations, vol. 2, p. 320. "A public officer, unlawfully removed from office, to which another is appointed, who acquiesces in his removal, and has not, by *certiorari* or otherwise, obtained a reversal of such order, or a reinstatement in the vacated term, cannot recover the compensation incident to the office, accruing while he rendered no service." (Headnote 1) *Hagan* v. *City of Brooklyn,* 126 N. Y. 643, 27 N. E. 265. "Under the authorities, a municipal officer who has been unlawfully removed from his position and has acquiesced in the removal cannot recover the salary incident thereto during the period in which he has performed no service." *Thompson* v. *Board of Education of City of New York,* 201 N. Y. 457, 94 N. E. 1082.

Furthermore, in less than a month from the time the commission made its second order by which appellee was suspended as patrolman, the commission rescinded its action in so suspending him and notified him to resume his position as patrolman, which appellee declined to do.

Appellee, in seeking reinstatement as chief of police and recovery of salary due to him, relied solely on the provisions of the civil service law. He cannot ask the benefits of this law without assuming its burdens. Under this law it was his right and his duty, if he wished

to retain his connection with the police department, to continue as patrolman until his appeal.was heard and determined. Had he done so he would have received the salary of $90 per month which the city presumably was compelled to pay to another man. Therefore he is not entitled to recover from the city this portion of his salary, which he would have received if he had obeyed the order of the commission. The holding by. us in the case of *Fort Smith* v. *Quinn,* 174 Ark. 863, 296 S. W. 722, 53 A. L. R. 921, relied on by appellee, is not controlling here. We held in that case that, upon the reinstatement of Quinn, a fireman who had been wrongfully discharged, the amount due him could not be diminished by his earnings from other employment during the period he was prevented from serving in the fire department. But appellee was not discharged from the police department— he was reduced in rank and pay. His withdrawal from all employment in the police department resulted solely from his own act in refusing to serve as a patrolman. It follows that the liability of appellant herein is limited to the sum of $415, which represents the difference between the amount appellee would have received as chief of police and the amount he would have received as patrolman during the period elapsing from the date of the Civil Service Commission's order demoting him until he was finally restored to his position.

## IV.

The liability of appellant to appellee did not accrue during the year 1942 and 1943, so that it becomes unnecessary to decide whether appellant's defense growing out of the provisions of Amendment No. 10 to the Constitution of Arkansas is well founded. Appellee's claim is based upon a statutory liability which did not mature or become liquidated until the appeal of appellee from the order of the Civil Service Commission was finally disposed of in 1944. This is not a suit for salary earned, but is a proceeding arising solely by virtue of the statute; and the fact that it was finally determined by the court that the order of the commission was erroneous would not have prevented the action of appellee, if be-

gun before that judicial determination was made, from being premature. 1 C. J. S. 1390; *Scott* v. *Fowler,* 14 Ark. 427; *Ferguson* v. *Carr,* 85 Ark. 246, 107 S. W. 1177. Appellant does not urge or show that payment of the amount due appellee from revenues of 1944 would have caused the expenditures for that year to exceed the revenues for the same period; in fact, the contrary may be inferred from the agreed statement of facts. Therefore the defense, based on a contention that recovery by appellee of the amount found to be due to him herein would cause a violation of the provisions of Amendment No. 10 of our state constitution, is not sustained by the record herein.

It follows that the judgment of the lower court should be modified so as to fix the amount of appellee's recovery at $415, from which must be deducted the amount of $76.45, conceded to be due from appellee to appellant for costs, making the net amount of judgment in favor of appellee $338.55, with interest thereon from May 3, 1944, until paid at the rate of six per cent. per annum; and, as so modified the judgment of the lower court is affirmed.