∎

CARLETON BACON et al., Appellants, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Callahan, J. P., Breitel, Bastow, Botein and Rabin, JJ. [205 Misc. 73.]

∎

NATHAN KRAMER et al., Respondents, v. ATLAS PRODUCTIONS, INC., et al., Appellants.— Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Present — Callahan, J. P., Breitel, Bastow, Botein and Rabin, JJ.

∎

ISRAEL POMERANTZ, Respondent, v. MALCOLM R. WHITE, Individually and as Agent of CHESTER CABLE CORPORATION, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Present — Callahan, J. P., Breitel, Bastow, Botein and Rabin, JJ.

∎

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH DE MARCO, Appellant.— Order unanimously affirmed. No opinion. Present — Callahan, J. P., Breitel, Bastow, Botein and Rabin, JJ.

∎

C. LIEVENSE, LTD., Respondent, v. CREDIT SUISSE, Appellant, et al., Defendant.— Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion of the defendant Credit Suisse for summary judgment granted. As to the first cause of action, there is no triable issue with regard to the alleged failure of defendant Credit Suisse to perform its letter of credit agreement. By its agreement, Credit Suisse undertook to pay on the basis of its receipt of a letter from the Slavenburg's Bank in which the latter stated that it was " holding a negotiable public warehouse receipt ". There is no genuine dispute that a letter was received, prior to payment, by Credit Suisse which, in effect, so stated. Whether, in fact, the warehouse receipt was " negotiable " is immaterial insofar as Credit Suisse's contractual obligation is concerned. It fully performed its undertaking when it paid subsequent to receipt of the letter from the Slavenburg's Bank. As to the second cause of action, plaintiff has failed to meet its burden to come forward with evidentiary facts establishing the existence of a triable issue with respect to the alleged negligence of Credit Suisse. No facts are claimed which show that Credit Suisse knew, or should have known, of the content of the warehouse receipt or the damage to the goods represented by that receipt, or that it was responsible for, or negligent in, the selection of Slavenburg's Bank as the bank to receive the warehouse receipt. Settle order on notice. Present — Callahan, J. P., Breitel, Bastow, Botein and Rabin, JJ.

∎

C. LIEVENSE, LTD., Respondent, v. CREDIT SUISSE, Defendant, and N. V. SLAVENBURG'S BANK, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Present — Callahan, J. P., Breitel, Bastow, Botein and Rabin, JJ.