Harold E. Koreman, J.
In an article 78 CPLR proceeding petitioners seek a judgment annulling a determination of the respondent Commissioner of Education which dismissed petitioners’ appeal from the refusal of the respondent Board of Education of the City of New York to reclassify them from the title of Junior Principal of Elementary School to the title of Principal of Elementary School, and to pay them the salary of a Principal. Petitioners also request that the respondent board be directed to reclassify and pay them as Principals. In the alternative, they seek a trial of any issues that may be raised herein.
Respondent Commissioner has cross-moved for dismissal of the petition pursuant to CPLR 7804 (subd. [f]) without filing an answer. Respondent board has filed an answer denying the material allegations of the petition, to which petitioners have replied.
Respondent Commissioner determined that the policy established by respondent board, differentiating between the position and salary of a “ Principal ” and a “ Junior Principal ”, based upon the size of the school over which each exercises administrative authority, even though they may perform the same type duties, is neither arbitrary, unreasonable nor capricious. Respondent Commissioner also held that the mere fact that respondent board is discontinuing the position of Junior Principal was of no relevancy to the issues before him.
A determination of the Commissioner of Education made pursuant to section 310 of the Education Law in a matter involving the administration of the State’s school system is, of course, final and not subject to review by the courts, absent a showing of *8 pure arbitrariness (Matter of Board of Educ. v. Allen, 6 N Y 2d 127; Matter of Vetere v. Allen, 15 N Y 2d 259).
The petitioners, who are licensed as Junior Principals, contend that since they perform the same duties and possess the same qualifications as licensed Principals, the Commissioner’s decision was arbitrary and discriminatory in sustaining the board’s action establishing a lower salary schedule for the position of Junior Principal. In support of this contention, petitioners allege that sections 3101 and 3102 of the Education Law require that the same salary schedules be established by the board for teachers or supervisory personnel performing the same duties, and that they have been deprived of their constitutional rights to equal protection of the laws, and of their property without due process. Furthermore, petitioners argue, the board itself has eliminated any differentiation or distinction between the two positions by filling vacancies as they occur in the position of Junior Principal with persons who are licensed Principals. In this connection, it appears that the last examinations from which eligibility lists were established by the board for the positions of Principal and Junior Principal were held in 1954. Following a recommendation of the Commissioner of Education, made in 1962, that the position of Junior Principal be eliminated and consolidated with that of Principal, the respondent board complied to the extent of filling new vacancies with persons holding licenses as Principal in schools of the size formerly required to be filled with a Junior Principal. Under the by-laws of the respondent, a Principal was placed in charge of a school having not less than 25 teachers, and a Junior Principal was in charge of a school with loss than 25 but not less than 12 teaching positions.
The management of schools within a local board of education, including the creation, maintenance and consolidation of positions, the appointment of personnel and assignment of duties, are the responsibilities of the local board (Education Law, § 2554, subd. 2). Pursuant to subdivision 10 of section 2573, in the City of New York appointments to teaching and supervising service are required to be made from the appropriate eligible lists established by the Board of Examiners, and the Board of Education designates the kind and grades of licenses required for service as Principal or any other position of the teaching staff, as well as the professional qualifications required for each kind or grade of license. This statute (with an exception not applicable here) also provides that no person required to have a license in order to be employed in a position who does not have such license shall have any claim for the salary designated for such position. The *9 duty to issue licenses to members of the teaching and supervising staff is imposed on the Superintendent of Schools, and in a city having a Board of Examiners, as is the case here, such licenses shall be issued on the recommendation of such board (Education Law, § 2566, subd. 7). As authorized by the Education Law, the respondent board adopted by-laws in connection with holding examinations for licenses and establishing eligible lists. The by-laws also provide that no one shall be appointed to nor receive the salary for a position for which a license is established, unless and until he has been granted such license or an appropriate higher license. In addition, examination is required for a license under respondent board’s by-laws, and no one may be licensed to serve in a position who has not passed an appropriate examination conducted by the Board of Examiners.
There is no question here, and petitioners do not contend, that they are licensed as Principals. It is alleged by respondent board, and not contradicted, that petitioners obtained their licenses as Junior Principals by passing the examination for that license, or by receiving a grade of between 50% and 60% in the examination for license as Principal when a passing grade of 60% was required to be licensed for the latter position. Having been licensed as Junior Principals, petitioners were entitled to the salary of that position as promulgated by the respondent board. As to the claim of petitioners that they are entitled to the same title and salary of a Principal since they perform the same duties, it need only be pointed out that there is an essential difference in the administrative activity and responsibility between the two positions in view of the difference in the size of the schools and the number of teachers. Citing Matter of Sullivan (4 Ed. Dept. Rep. 87) and Matter of Kelly (1 Ed. Dept. Rep. 319), respondent Commissioner held that it was proper to differentiate between salary and position on that basis.
It is difficult to see how the fact that the position of Junior Principal is being discontinued can have any bearing on the question of whether petitioners should be reclassified as Principals and receive the salary therefor, when they are not licensed as Principals. This is not a situation where petitioners are required to do the work of a higher grade than the one for which they are licensed. Rather, in this case, persons holding licenses for a higher grade are being appointed to positions in the lower grade. Consequently, petitioners are not being discriminated against, nor are they being deprived of any rights to which they are entitled. Furthermore, it is the right to the position, obtained in the manner prescribed by law, that determines the right to the salary incident thereto, and not the performance of *10 the duties of the position (Bacon v. Board of Educ. of City of N. Y., 205 Misc. 73, affd. 285 App. Div. 1046, mot. for lv. app. den. 286 App. Div. 832; Thomson v. Board of Educ. of City of N. Y., 201 N. Y. 457, 465; Stetson v. Board of Educ. of City of N. Y., 218 N. Y. 301, 306; see, also, Matter of Goldhirsch v. Krone, 18 NY 2d 178).
Under the applicable provisions of the Education Law and the by-laws adopted by respondent board pursuant thereto, petitioners have no legal right to the title of Principal, or the salary attached to that position.
There being no showing of illegality or arbitrariness in the Commissioner’s determination, it is final and conclusive (Matter of Bd. of Educ. v. Allen, 6 N Y 2d 127, supra; Matter of Vetere v. Allen, 15 N Y 2d 259, supra). Accordingly, the petition is dismissed.