Louis B. Heller, J.
Petitioner landlord in this article 78 proceeding seeks a review of a determination by respondent New York City Rent Administrator which on protest affirmed the order of the Local Rent Administrator in a “ fair rent ’ ’ proceeding. The premises, a six-story elevator building located at 8 Remsen Street, Brooklyn, New York, consist of eight residential units including a basement apartment occupied by the superintendent and a sixth floor apartment occupied by landlord. The application resulted in a determination by the local rent *648 office granting landlord an increase of approximately 10% in the gross rents.
The petitioner contends that respondent erred on a number of grounds in computing the fair rent permissible. The first of these objections is based on the method used in determining the allowances for repairs, maintenance, replacements and improvements. Items 17 and 18 covering these expenses in the “ green application form No. A 35.5 S ” used for such application are combined on one line and direct the landlord to “ Compute at 13% of Item 8 above ” (the total annual income of the premises) as a base for determining the fair rent permissible. “ instruction Sheet No. 2 ” issued by the rent office as a guide for these applications provides that in all buildings 'containing 12 or less residential units, this ‘ ‘ green application form ’ ’ must be used and states without qualification that “landlord may use 13% of the ‘Annual Rental Income ’ Item 8 for the combined Items 17 and 18 * * * in lieu of preparing and substantiating schedules ‘ I ’ and ‘ J ’ in detail.” These instructions provide further that with respect to buildings containing 13 to 39 residential units the applicant “may use 11% (for ‘ walk-up ’ buildings) or 8%% (for 1 elevator ’ buildings) of the ‘ Annual Rental Income ’• Item 8 for the combined Items 17 and 18 * * * in lieu of preparing and substantiating ‘ I ’ and ‘ J ’ in detail. ’ ’ In processing the application here, respondent advised landlord that the 13% would not be allowed because there was an elevator in the building and that unless the petitioner gave actual expense figures for repairs, maintenance, etc., only 8%% of the annual rental would be allowed for these items. Landlord has refused to give these expense figures and reserved his right to object to 8%% allowance unless the increases permitted totalled 15% (the maximum permissible).
Respondent’s position is that when the format for applications of this type was first planned and designed, a preliminary survey disclosed that with respect to buildings with no "more than 12 residential units there were not enough in this class with elevator installations (as there were in the 13 to 39 unit class) to make an alternative percentage practicable; that it had thereafter made it a matter of “ policy,” of,which it claimed petitioner had knowledge, to direct use of the 8%% alternative or require actual figures for these expenses; and that, further, since petitioner had made no protest to a determination in a similar prior proceeding where the 8%% formula had been used, this determination was res judicata on the question. With respect to the claim of res judicata landlord asserts that the *649 record of this prior proceeding shows that the landlord received an over-all increase of 15 % and that, under such circumstances, since landlord had received the maximum possible, a protest merely to register objections to the method used in computing the increase was in effect moot and accomplished nothing.
I incline towards petitioner’s view on this objection. I believe he had reason to rely on the unqualified direction to use a precise percentage for determining these expenses. The form prescribed here and the instructions accompanying this form are in my opinion the equivalent of a regulation issued by the respondent. In People v. Cull (10 N Y 2d 123, 126) the court defined a ‘ ‘ rule or regulation ” as “ any kind of legislative or quasi-legislative norm or prescription which establishes a pattern or course of conduct for the future.” In People v. Widlitz (39 Misc 2d 51, 55), where defendant was accused of failure to comply with requirements in a form and schedule of rental values issued by the New York State Rent Commission (the predecessor of the respondent), the court held that these were the equivalent of a rule or regulation and stated: “ Sometimes a form may contain instructions which amount in substance to procedural or substantive regulations.” (Emphasis supplied.) The respondent is authorized by statute to “ adopt, promulgate, amend * * * such rules, regulations and orders as it may deem necessary ”. (New York City Administrative Code, § Y51-5, subd. g, par. [1].) Such regulations have the force and effect of statute (People v. Widlitz, supra; Bacon v. Board of Educ. of City of N. Y., 205 Misc. 73, affd. 285 App. Div. 1046, mot. for lv. to app. and for rearg. den. 286 App. Div. 832, mot. for lv. to app. den. 309 N. Y. 1030). The interpretation by an administrative agency of its own regulations is entitled to the greatest weight (Matter of Mounting & Finishing Co. v. McGoldrick, 294 N. Y. 104). However, such interpretation must not be arbitrary or unreasonable. The unequivocal direction of the respondent here to use a particular method for determining expenses ought not to be subject to variation by an unwritten and unpublicized ‘ ‘ policy ’ ’ declaration. If the presence of an elevator in buildings containing no more than 12 units indicated need for variation from the stated formula, the public is entitled to formal notice of it in the same fashion as respondent adopted for larger buildings. I find the inflexible application of the 8V¿% allowance, which is properly prescribed for larger buildings, to these subject premises, an abuse of discretion. The same rationale which dictated varying percentages for larger buildings should indicate that in this building with no more than 8 rental units 8%% may not be *650 enough and the brusque direction to supply the actual expense figures does not cure it.
It is necessary at this point to consider and dispose of respondent’s view that petitioner is precluded by res judicata as a result of the similar allowance of 8%% in the prior proceeding. I must here again agree with petitioner that he could not ask for more than 15% finally allowed. The rule with respect to res judicata is that it is final only and binding upon the parties only as to matters ‘ ‘ having such a relation to the issue that its determination was necessary to the determination of the issue” (House v. Lockwood, 137 N. Y. 259, 268). Accordingly this phase of the proceedings should be remanded for reconsideration by respondent.
Landlord complains also that an unfair rental valuation was placed upon the apartment occupied by him in that it took into account improvements such as air conditioner grills, a yellow refrigerator, etc., which he contends he installed for his own comfort. Although I am inclined toward the view of respondent that the net change in the rental values of the other apartments, if there were a reduction of landlord’s, would be de mimmis, it may be that on remand respondent ought to determine whether the cost of some of these improvements and their maintenance were charged against the premises operation or to landlord personally, whether depreciation has been claimed for tax purposes and any other pertinent information that may be helpful in the circumstances. There may be some validity to landlord’s claim that with respect to some of these improvements, his position is comparable to that of a tenant who has installed these improvements at his own cost and he should not be assessed an additional rent therefor.
With respect to landlord’s complaint that respondent used figures from the prior proceeding to cover expenditures for disability benefit insurance and social security payments, though the actual disbursements for the test year were available, it is true that since landlord did not raise this point in the proceeding before the Administrator it cannot therefore be reviewed by this court (Matter of La Russo v. McGoldrick, 283 App. Div. 720). However, this may and should be considered de novo by the respondent on remand.
Accordingly, all of the foregoing objections are sustained to the extent that they are remanded for further consideration to respondent.
As for the remaining point of contention, that the respondent “ inequitably distributed ” the increased rent among the tenants, *651 there is adequate support in the record and by precedent to support the disposition. Under such circumstances this court may not substitute its judgment for that of respondent (Barnett v. Fields, 196 Misc. 339, 347, affd. 276 App. Div. 903, affd. 301 N. Y. 543; Matter of Silverstein v. Herman, 18 A D 2d 838).